# CHARLESTOWN.

## STATE *v.* RAGLAND.

Submitted June 16, 1888.—Decided September 15, 1888.

1. ITINERANT PHYSICIANS AND DRUGGISTS—REGULATION OF PRACTICE—TAX.

Section 14 of chapter 150 of the Amended Code prohibits an itinerant physician from practicing medicine, an itinerant vendor of drugs from selling such drugs etc. or any one, by any drug nostrum etc. from treating diseases without first paying the special tax required by the section. (p. 454.)

2. INDICTMENT—SUFFICIENCY.

An indictment containing but one count, which charges that the defendant did all the acts prohibited by the statute without paying the special tax required, is a good indictment.   (p. 454.)

3. INDICTMENT—EVIDENCE—SUFFICIENCY.

On the trial of the issue on such an indictment proof, that the defendant was an itinerant vendor of drugs, sustained the indictment, and the general finding of guilty would not be set aside. (p. 456.)

*Watts & Ashley* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State.

JOHNSON, PRESIDENT :

J. B. Ragland was, on the 17th day of October, 1887, in the Circuit Court of Boone county, indicted as an itinerant physician and vendor of drugs, etc. The indictment is as follows : "The jurors of the State of West Virginia, in and for the body of the county of Boone, and now attending the said court, upon their oaths present that J. B. Ragland, on the 1st day of October, 1887, in the said county, was an itinerant physician, and then and there publicly professed to treat diseases, injuries, and deformities, and he, the said J. B. Ragland, then and there was an itinerant vendor of certain drugs, nostrums, and ointments, with which he, the said Ragland, then and there publicly professed to cure and treat diseases, injuries, and deformities, and he, the said J. B. Ragland, then and there, to wit, at the county aforesaid, on the day and year aforesaid, as such itinerant physician, and as such vendor of such drugs, nostrums, ointments, and patent medicines, as aforesaid, did practice and attempt to practice medicine, and did then and there sell, and attempt to sell, such drugs, nostrums, ointments, and patent medicines, and did then and there practice his business as such vendor of said nostrums, drugs and patent medicines, and did then and there practice and attempt to practice in said county, without then and there having paid the special tax required by law, and without having filed with the clerk of the County Court of said county the receipt of the sheriff of said county showing the payment of such tax, without then and there having a license to act as such itinerant physician

and vendor of patent medicines, drugs, ointments, and nostrums, against the peace and dignity of the State."

The defendant demurred to the indictment, which demurrer was overruled, and the defendant pleaded "not guilty." The defendant waived a jury, and the evidence was heard by the court in lieu of a jury; who, after hearing the evidence, found the defendant guilty, and assessed his fine at $100.00. Thereupon the defendant moved the court to set aside the finding, and grant him a new trial, because the finding was contrary to the law and evidence. The court overruled the motion. The defendant then moved in arrest of judgment, which motion the court also overruled, and entered judgment against the defendant for $100.00 fine and costs. The evidence is all certified in the bill of exceptions to the refusal of the court to set aside the finding and grant a new trial. To the judgment the defendant obtained a writ of error.

The first error assigned is overruling the demurrer to the indictment. The indictment above set forth was found under section 14, ch. 150, p. 819, Amended Code. The section is as follows: "Any itinerant physician, desiring to practice medicine in this State, or any itinerant vendor of any drug, nostrum, ointment, or appliance of any kind, intended for the treatment of disease, or injuries, or who shall by writing or printing, or in any other method, publicly profess to cure or treat diseases, injuries, or deformities, by any drug, nostrum, manipulation, or other expedient, shall, before doing so, pay to the sheriff of every county in which he desires to practice a special tax of fifty dollars for each month, or fraction of a month, he shall so practice in such county, and take his receipt in duplicate therefor. He shall present said receipts to the clerk of the County Court of such county, who shall file and preserve one of them in his office, and shall endorse on the other the words, 'A duplicate of this receipt has been filed in my office,' and sign the same; and if any such physician or vendor of patent medicines shall practice, or attempt to practice, in any such county, without having paid such tax, and filed such receipt with the clerk of the County Court, and obtained his indorsement on the other as aforesaid, or if he shall practice, or attempt to practice, for a

longer time than that for which he has paid such tax as afore-
said, he shall be guilty of a misdemeanor, and shall be fined
not less than one hundred nor more than five hundred dol-
lars. Any person who shall travel from place to place, and
by writing, printing, or otherwise, publicly profess to treat
or cure diseases, injuries, or deformities, shall be held and
subject to the taxes, fines and deemed to be an itinerant phys-
ician, and penalties prescribed in this section."

This is a very crudely drawn statute. Its provisions are
by no means clear, but we think we understand what was
intended by the statute. It is clearly intended to prevent
itinerant physicians from going from county to county in
the State, and practicing medicine, unless they pay the
heavy tax prescribed in each county, which undoubtedly was
intended to prohibit such practice. It was also intended to
prevent any one, whether a physician or not, from traveling
from county to county, vending drugs, nostrums, ointments,
or appliances of any kind intended for the treatment for
diseases, or injuries, unless the special tax were paid, or to
prevent any one who should by writing or printing, or in
any other method, publicly profess to cure or treat diseases,
injuries, or deformities, by any drug, nostrum, manipulation,
or other expedient, from doing so until he should pay the
special tax imposed. Therefore it seems the statute was in-
tended to reach the itinerant physician, the itinerant vendor
of drugs, etc. and any one, physician or not, who shall, by
writing or printing, or in any other method, publicly profess to
cure or treat diseases, injuries, and deformities, by any drug,
nostrum, manipulation, or other expedient, and practice
what he professed to do. By this statute any one and all
persons are prohibited from doing any act mentioned there-
in, or pertaining to either of the three classes, without first
paying the special tax prescribed. This indictment in one
count charges the defendant with doing all three of the
acts prohibited without first paying the special tax.

Can all these acts be properly charged in one count? The
plaintiff in error insists that they can not be so charged
in the same count, and that the count is fatally defective,
and cites *State* v. *Gould*, 26 W. Va. 258. That case is utterly
unlike this. That was an indictment for cruelty to an ani-

mal. This is a revenue-case, where the pleading is much
more liberal to advance the remedy and prevent the evil.
This is much more like an indictment for selling spirituous
liquors, etc., without a license therefor. Section 1 of chapter
32 of the Code, among other things, provides that "no per-
son, without a State license therefor, * * * shall sell,
offer or expose for sale, or solicit or receive orders for, or
keep in his possession for another, spirituous liquors, wine,
porter, ale, beer, or any drink of like nature." It is not
doubted that if an indictment in a single count should charge
that the defendant did all these acts the indictment would
be good, and the proof of his doing any one of them without
the license to sell would be sufficient to convict him; and, if
the proof was he did one or all of them, a State license to
sell the spirituous liquors, etc., would be a perfect defence.
So here the special tax paid, as required by section 14 of
chapter 150, would authorize a person to do any or all of the
three acts mentioned in the section. If he does any one
of them he is guilty, unless he has paid the special tax re-
quired. If the proof is that he did one or all of the acts
specified, if he can show that he has paid the special tax,
and has complied with the requirement of the statute, he is
protected. The count charging the defendant with doing all
the three things is proper, and the count is good. It is the
better way to make the charge, and then, if the proof is he
did either, the indictment is sustained.

Does the evidence justify the finding of the court? From
the evidence it appears that the defendant, on the 17th day
of October, 1887, in Boone county, sold to one Whitt Allen
a bottle of medicine known as "Ragland's Lightning Relief,"
for which Allen paid him fifty cents; that the defendant de-
clared in a public address at the time of offering the said
medicine for sale, that he did not come for the purpose of
practicing medicine, nor treating diseases, but represented
the medicine to be his own preparation, good for and would
cure if taken according to directions, certain diseases, among
which was neuralgia; and that the medicine was patented.
The bottle sold, with the wrapper, label, and printed matter
accompanying it, was all given in evidence by the State, to
which evidence the defendant objected; but the objection

58

was overruled, and he excepted.   In this evidence the medicine was highly recommended to cure certain diseases. Then it appears from the said printed matter with the bottle that "the public are most respectfully referred to the following certificates from gentlemen well known in this city, who testify, from actual experience, to the efficacy of this most excellent and reliable preparation.   Sold by all druggists and medicine dealers.   Price, 50 cents per bottle. Liberal discount to the trade.   Prepared exclusively by Dr. J. B. Ragland, Louisville, Ky."   Then follows a number of testimonials from persons in Mississippi, Tennessee and Kentucky, telling of the wonderful cures effected by the medicine.     The defendant, to maintain the issue on his part, proved that he was not an itinerant physician, practicing or attempting to practice medicine in this State; that, on the occasion of the sale of the bottle of medicine before mentioned, he publicly and distinctly announced that he was not pretending to treat or cure diseases, nor in any manner to pratice medicine, but simply to introduce and sell his medicine, the same being his own preparation, and being patent or proprietary medicine, under the laws of the United States; and that he had on the occasion of such sale, as well as all other occasions, in offering the same for sale, announced that he would not treat diseases in any manner whatever, and that the virtue of the remedy was in the medicine itself, and not in him, the defendant; that any one else could sell such medicine as well as he himself could.

The court, who tried the issue in the place of a jury, found the defendant guilty, and assessed a fine against him of $100.00.   The court overruled the motion for a new trial and in arrest of judgment, and entered judgment for the fine and costs.   The evidence of the printed matter on the bottle when sold was proper.   From all the evidence, the court was certainly justified in finding the defendant an itinerant vendor of a drug.   The finding was justified by the evidence, and the motion for a new trial was properly overruled.

The indictment being good, the motion in arrest of judgment was properly overruled.   There is no error in the judgment, and it is affirmed.

AFFIRMED.