HARRIS *v.* WATER & LIGHT Co.

(*Nashville.* December 21, 1901.)

1. FOREIGN CORPORATIONS. *Contracts of noncomplying not enforced.*

Doctrine reaffirmed that contracts of foreign corporations made in this State without previous registration of charter, as required by our statutes, will not be enforced by the Courts of this State. (*Post, p. 246.*)

Acts construed: Acts 1877, Ch. 31; Acts 1891, Ch. 122.

2. ACTION. *By partners.*

An action by a firm cannot be maintained unless all the partners join in the suit, and all are entitled to recover. (*Post, p. 249.*)

3. SAME. *Same. Case in judgment.*

Hence a firm composed of individuals and a foreign corporation cannot maintain an action upon a contract made in this State where it appears that the corporation had not complied with the statutes requiring it to register its charter. (*Post, pp. 246-252.*)

---

FROM MAURY.

---

Appeal in error from the Circuit Court of Maury County. SAM HOLDING, J.

FIGURES & PADGETT for Harris.

T. M. STEGER and W. S. FLEMING for Water & Light Co.

BEARD, J. The plaintiffs in error are partners located and doing business in Columbia, in this State, in the firm name of "Harris & Cole Bros." The firm consists of two individuals, and a corporation, to wit: "Cole Bros.," created by the laws of the State of Iowa, whose charter has not been registered in this State, as required by Ch. 31 of the Acts of 1877, and Ch. 122 of the Acts of 1891.

The contract for the alleged breach of which this action at law is brought, was made by this firm, in this State, with the defendant in error, a corporation with its *situs* in Columbia, and it was to be performed in this State. The only question presented in the record is, in view of these Acts, as heretofore construed and enforced, can the present suit be maintained?

The Acts in question have been the subject of frequent examination and application by this Court, and it may be taken as the settled rule that where a foreign corporation comes into this State and establishes itself, carrying on business in disregard of the provisions of these Acts, that its contracts, made in such business, will not be enforced. Many cases will be found in our Reports, directly or by necessary implication, announcing this rule.

In the light of these holdings, it will be conceded that if the corporation of "Cole Bros." was alone interested in this contract, and was in

its own name seeking to recover for its violation, it would be repelled. Is it in better condition, by reason of being associated with others in a partnership, and in bringing this suit in the names of the members of its firm?

At common law a partnership or firm is not regarded as a legal entity, and for this reason the rule may be stated as general, and in the absence of statutory provisions, as universal, that all actions brought by partners involving partnership claims, must be brought by the persons who compose that partnership. To this proposition it is scarcely necessary to cite authority, but if such was required, a full collection of supporting cases will be found in foot note 3 on page 839 of Vol. 15 of the Ency. of Pl. and Pr. So it is apparent that in the face of this rule neither one of the members, nor any member less than all, could maintain the present suit, and it would seem to follow, that where all are required to be parties plaintiff, and one was disqualified by a statutory inhibition, that all must be repelled.

If this was not so, a foreign corporation, unwilling to comply with the reasonable provisions of these Acts, yet discovering in the State a promising field for business enterprise, could associate itself in a partnership with one or more individuals, whose compensation would be measured

by a share of the profits, and carry on extensive operations in flagrant disregard of these provisions, and then successfully invoke the protection of its rights from our courts, under the thin disguise of this partnership. Or it might occur that in the course of such business operations, the individual members of the firm should die, leaving this corporation the sole survivor, and alone entitled to sue (the illustration put by Lord Abinger, C. B., in the leading case of *Wallace* v. *Kensall,* 7 Mee. & W., 264), and we would have the anomalous state of things that, while the members of the firm, so long as it was intact, could resort to the courts of the State for a redress of the firm's grievances, notwithstanding the disqualification of one of its members, yet when dissolved by death, the sole surviving member, thus disqualified, would be repelled. Such results would certainly be anomalous, and sound public policy would require a practice that would make them impossible.

While we have not been able to lay our hands upon a case, on all fours with the one at bar, yet many are to be found which furnish a strong analogy, and from which the rule is adduced, that where one partner is disqualified to sue upon a firm claim, no action at law can be maintained, for the reason already stated, and that is, "that such partner is a necessary party

plaintiff, and one who cannot sue by himself—cannot do so merely by joining others with him."

These cases involve the right of the members of a firm to sue on a firm claim, where one of the members of the firm, in fraud of the rights of his partners, has either undertaken, in co-operation with the firm debtor, to appropriate a firm asset to his individual debt, or in some other way has made an agreement of accord and satisfaction with the defendant. While there is not lacking dissent to this view, yet the weight of the cases, supported by sound reason, as we think, is that all must be repelled, when one of the firm has, by his acts, disqualified himself. *Homer* v. *Wood,* 11 Cush., 62; *Fonley* v. *Lovell,* 103 Mass., 387; *Jones* v. *Yates,* 9 B. & C., 532; *Church* v. *Chicago, etc., Bank,* 87 Ill., 68; *Blodgett* v. *Sleeper,* 17 Me., 499; *Gruley* v. *Wyeth,* 10 N. H., 15.

These cases assert the rule that "all the plaintiffs must be entitled to recover or the suit cannot be maintained, and any matter that will negative the right of one of the partners to bring the suit, is sufficient to defeat the action. . . . By joining in the suit the partner who has done the wrongful act, they rely on his right to recover, and must abide by all his acts; and if any one of them would bar the right of. one partner, this is sufficient to bar the action." *Coch-*

Harris *v.* Water & Light Co.

*ran* v. *Cunningham,* 16 Ala., 448; S. C., 50; A. Dec., 186.

We are satisfied with the action of the trial Judge in dismissing this suit, and his judgment is affirmed.