NICHOLS & SHEPHERD CO. v. MADISON LOYD.

(*Knoxville.*   September Term, 1903.)

1. **CONSTITUTIONAL LAW.** Caption broader than act does not vitiate either.

Neither the caption of the act nor the act itself is defective merely because the caption contains matter not legislated on in the body of the act. (*Post, p.* 148.)

2. **STATUTORY CONSTRUCTION.** Ambiguous or meaningless clause may be rejected, or words supplied by intendment to express the obvious intention of the legislature. Case in judgment.

In the caption of the amendatory act providing for the authentication of charters of foreign corporations to be filed with the secretary of State, the clause, "registering abstracts of the same in the register's office in each county in which the company desires or proposes to do business" being ambiguous and not making good sense, may be rejected as surplusage without rendering the caption defective, or, in view of the provisions of the act, by intendment the words "and doing away with the" may be supplied at the beginning of the clause quoted, thus making the whole caption good. (*Post, pp.* 148-149.)

Statute construed: Act of 1891, ch. 122; Act of 1895, ch. 81.

3. **FOREIGN CORPORATIONS ACT.** As amended by Act of 1895 does not require abstract of charter to be registered in each county in which the corporation does business.

The act of 1895, amending the foreign corporation act of 1891, so as to read as stated in the amendatory act, supersedes the latter and renders it unnecessary for any foreign corporation desiring to do business in the State to cause to be registered an abstract of its charter in each county in which it desires to do business, but makes it sufficient to file in the office of the

111 Tenn—10

secretary of State a copy of its charter, duly authenticated by the certificate of the secretary of the corporation, with the seal thereof attached. (*Post*, *pp*. 146-150.)

Statute construed: Act of 1891, ch. 122, secs. 2, 3, 4; Act of 1895, ch. 81.

4. **AMENDATORY. STATUTE.** Method of. amendment, by which statute as amended is shown, approved.

The method of amending a prior act by providing that it shall read as set out in the amendatory act is a recognized form of amendment, when the act to be amended is properly identified by due reference; and no other method of amendment could more clearly express the intention of the legislature as to the exact change which it is desired to make, disclosing at a glance the matter exscinded and that added. (*Post*, *p*. 150.)

FROM WASHINGTON.

Appeal from Chancery Court of Washington County. —HAL. H. HAYNES, Chancellor.

DEADERICK & EPPS, for Nichols & Shepherd Co.

KIRKPATRICK, WILLIAMS & BOWMAN and NEWTON HACKER, for Loyd.

MR. JUSTICE NEIL delivered the opinion of the Court.

The questions to be determined in this case arise upon chapter 81, p. 123, Acts 1895.

This act reads as follows:

Nichols & Shepherd Co. v. Loyd.

"An act to amend sections 2, 3 and 4 of an act passed March the twenty-first, 1891, being chapter 122 of said acts, and providing for the authentication of copies of charters to be filed with the secretary of State, registering abstracts of same in the register's office in each county in which the company desires, or proposes to carry on business.

"Section 1.   Be it enacted by the general assembly of the State of Tennessee, that section 2 of an act passed March the twenty-first, 1891, being chapter 122 of said acts, be so amended as to read as follows:    That each and every corporation created or organized under, or by virtue of, any government other than that of the State, for any purpose whatever, desiring to own property, or carry on business in this State of any kind or character, shall first file, in the office of the secretary of State, a copy of its charter.    It shall be sufficient to authenticate such copies so filed by the certificate of the secretary, or secretaries of such corporations, and by attaching thereto the corporate seal.

"Sec. 2.   Be it further enacted, that section 3 of said act, passed March 21, 1891, be so amended as to read as follows:    That it shall be unlawful for any foreign corporation to do business, or attempt to do business, in this State without first having complied with the provisions of this act, and a violation of this statute shall subject the offender to a fine of not less than $100.00, nor more than $500.00, in the discretion of the jury trying the case.

"Sec. 3.    Be it further enacted, that section 4, of said act, passed March 21, 1891, be so amended as to read as follows:    That when a corporation has complied with the provisions of this act, said corporation may then sue and be sued in the courts of this State as fully as if it were created under the laws of the State of Tennessee; provided, that this act shall not affect any contracts or remedy heretofore made by foreign corporations not having complied with the existing laws on the subject.

"Sec. 4.  ' Be it further enacted, that all laws and parts of laws in conflict with the provisions of this act be and are hereby repealed.

"Sec. 5.    Be it further enacted, that this take effect from and after its passage, the public welfare requiring it.

"Passed April 27, 1895."

The first objection made is that the caption of this act is defective, in that it contains matter not legislated on in the body of the act itself.    This is not a sound objection.    A caption may be broader than the act, without making the latter defective.    The objection refers to the last clause of the caption, "registering abstracts of same in the register's office in each county in which the company desires or proposes to carry on business."

The clause referred to, as it stands, is ambiguous, and does not, indeed, make good sense, and as such it may be rejected as surplusage.    We think, however, that by oversight the words, "and doing away with the," were left out.    With these words inserted before the word

"registering," the clause quoted would make sense.  On either view the caption is not defective.  These words, if necessary, would be supplied by intendment, being, as they are, perfectly obvious.

It is next insisted that in 1901 this court enforced Acts 1891, p. 264, c. 122, in the case of *Harris* v. *Water & Light Co.,* 108 Tenn., 245, 67 S. W., 811.  In respect of this case it is sufficient to say that it does not appear whether or not the corporation referred to was formed before the act of 1895 was passed or not.  At all events, that act was not referred to or passed upon in that case.

This court had the question before it directly in the year of 1897 in the case of *United States Saving & Loan Company* v. *Miller.*  That case came to this court upon appeal from the court of chancery appeals (47 S. W., 17), with an opinion prepared by the present writer, who was then a member of that court.  One of the questions in that case, and necessary to its decision, was whether the act of 1895 so amended the act of 1891 as to render unnecessary the filing of abstracts in the counties.

In that case, after discussing the act of 1877 (chapter 31) and the act of 1891 (chapter 122), the opinion in that case proceeds:  "Having arrived at this point, we next determine that section 1, c. 81, p. 123, Acts 1895, supersedes section 2, c. 122, p. 264, Acts 1891, and that it is not now necessary that any foreign corporation desiring to do business in this State should cause to be registered an abstract of its charter in each of the counties where it desires to do business or to own property; but

that it is sufficient that such foreign corporation should file in the office of the secretary of State a copy of its charter; and that it is 'sufficient to authenticate such copies so filed by the certificate of the secretary or secretaries of such corporations and by attaching thereto the corporate seal;' this latter clause of section 1; c. 81, p. 123, Acts 1895, repealing by implication the former provisions upon that subject contained in section 2, c. 31, of the Acts of 1877, above referred to." The latter section is in substance substantially the same as section 2, c. 122, p. 264, of the Acts of 1891, in the matter of filing abstracts of charters in the counties.

We deem the case referred to conclusive of the question, and we likewise are of the opinion that it was based upon sound principles, and that section 1, c. 81, p. 123, Acts 1895, could bear no other meaning than that it was intended to relieve the corporations referred to of the necessity of filing abstracts in the counties. The method of amending a prior act by providing that it shall be so amended as to read thus and thus is a recognized form of amendment, where the act to be amended is properly identified by due reference. Indeed, no other method of amendment could more clearly express the intention of the legislature as to the exact change which it desired to make, as the comparison between the old act and the new, under this form of amendment, always discloses at a glance the matter exscinded and that added.

The court of chancery appeals in the present case decided the matter in the same way, and we are of the opinion that its decree should be affirmed.