Payne v. State.

PAYNE *v*. STATE.

|112  587|
|d117   66|

[(*Nashville*.   December Term, 1903.)]

1. **PHYSICIANS.** Definition of term "practicing" and how proven.

The term "practicing," in respect of the subject in connection with which it is used, indicates the pursuit of a business, and the fact that a person has been pursuing such business may be proven, in some cases, by a single, clear and definite act, or by a series of acts of a similar nature. (*Post, p.* 593.)

2. **CRIMINAL PRACTICE.** State not required to elect one of several acts under indictment for unlawfully practicing medicine. Case in judgment.

Where, under an indictment for unlawfully practicing medicine without a license, the State had proven several instances of advising patients, prescribing for them or administering medicine to them, the defendant moved to compel the State to elect upon which act or offense the conviction would be sought. The motion was denied.

*Held*:   The motion to compel an election was properly denied, because each several instance was not necessarily an offense, but these facts taken together, considered in connection with the further fact that defendant had no license to practice, tended to show that the defendant was engaged in the forbidden occupation, and go to prove the charge of practicing without a license. (*Post, pp.* 593-595.)

Statute cited and construed:   Acts of 1901, chapter 78.

Case cited, approved and distinguished:   Holt v. State, 107 Tenn., 539.

Payne v. State.

FROM RUTHERFORD.

Appeal in error from the Circuit Court of Rutherford County.—W. C. HOUSTON, Judge.

RICHARDSON & RICHARDSON and L. M. COLEMAN, for Payne.

ATTORNEY-GENERAL CATES, B. L. RIDLEY and PALMER & RIDLEY, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error in this case was indicted in the circuit court of Rutherford county on four counts.

The first count was for unlawfully selling drugs, nostrums, ointments, etc., without first having obtained a certificate of license from the State board of medical examiners, and having the same recorded in the county court clerk's office of Rutherford county; the second was for applying the said drugs, nostrums, etc., under similar circumstances; the third was for professing to treat and cure diseases by the application of drugs, nostrums, etc., without having obtained license; the fourth count charged that the defendant "did unlawfully practice medicine without having obtained, and without having had recorded in the office of the county court clerk

of said county, a certificate of license from the State board of medical examiners."

The plaintiff in error was tried before the circuit judge without the intervention of a jury, and was acquitted on the first, second, and third counts, and convicted on the fourth. From the judgment of conviction he has appealed, and assigned errors.

After the evidence was closed in the court below, the plaintiff in error moved the court to compel the State to elect the offense on which it would prosecute or ask for a conviction. The court overruled this motion, and his action in this regard is assigned as error.

It is unnecessary to consider the question in respect to the first, second, and third counts, inasmuch as the plaintiff in error has been acquitted on the charges therein made.

As to the fourth count, there were several circumstances shown in the proof indicating that the plaintiff in error had been practicing medicine.

Sam McCauley testified that he called upon the plaintiff in error and told him that he was afflicted with a tapeworm; that thereupon the plaintiff in error told him to try a dollar bottle of his medicine, and instructed him to take one dose a day, by directing his attention to what was written or printed on the bottle.

John Adams testified that, while the plaintiff in error was engaged in advertising his medicine, by making a speech or harangue to a crowd assembled in the open air, he said to the crowd that if anybody with a stiff

neck or joint, headache, or rheumatism, neuralgia, or stiff hand, would come on the stage, he would guarantee to cure him in five minutes with his liniment; that nearly every night somebody went up, and witness saw plaintiff in error rub liniment on such as came upon the platform, for the purpose of relieving the stiff neck or stiff hand, as the case might be. This same witness testified that he saw the plaintiff in error put some liniment in an old colored man's ear, to relieve impaired hearing.

B. P. Mankin testified that plaintiff in error treated him for a stiff hand by rubbing the hand with some kind of medicine; that he did this on the platform, and also afterwards at his office.

Will Taylor testified that he took his little girl to see the plaintiff in error, and the latter looked at the child and said he had the proper medicine for her. Witness asked him what it would cost, and he said twenty-five cents per bottle, or four bottles for $1. Witness then told him he was not able to take four bottles at that time. Plaintiff in error then replied that it would take ten or twelve bottles to do her any good. It is to be inferred from this witness' testimony that he obtained some of the medicine. He afterwards made a second call. Plaintiff in error asked him whether the child seemed to be getting better, and witness told him that it seemed to him that she walked a little better than she had been walking. Plaintiff in error then told witness that, if he would follow the directions on the bottle in

giving the medicine, the child would finally outgrow the malady.

Mrs. Annie McAdams testified that plaintiff in error called upon her at her home and gave her a dose of medicine to cure her of tapeworm.

Fletcher Smotherman testified that he called upon plaintiff in error and said: " 'Doctor, I came up here to see if you thought your medicine would do me any good.' He asked me what my trouble was, and I told him stomach trouble and nervousness, and he said that was one of the diseases the medicine was good for," and he sold witness a bottle of the medicine. He also told witness the directions were on the bottle, and he could increase or diminish the dose as the case might require. He also instructed the witness that it would benefit him to take a cold bath every morning, and that his diet should be eggs, buttermilk, and corn bread.

Emily Teale testified that she was afflicted with a tapeworm, and called upon the plaintiff in error, and he told her that his medicine was good for this disease, and that she should take the medicine according to the directions on the bottle. Also he said to her that she should take a tablespoonful three times a day. She further qualified her statement by saying that plaintiff in error gave her no directions except those that were printed on the outside of the bottle.

Charlie Linster testified that he was afflicted with neuralgia, and plaintiff in error rubbed some of his medicine on the seat of the pain.

Upon the close of the State's proof, plaintiff in error went upon the witness stand himself, and, while admitting he had applied his liniment to several persons, he denied giving a dose of the medicine intended for internal use to any one, and said, in substance, that with his medicine he sold he gave no directions, except by referring people to those written upon the bottle. He further testified that in his public harangues he announced that he was not a physician, and did not diagnose cases. It is proven, however, by other witnesses that he was called "Dr." Payne, and seemed to recognize the title.

It is proven by the State that the plaintiff had not caused to be recorded any license in the office of the county clerk of Rutherford county.

We shall now recur to the question whether the circuit judge committed error in refusing to compel the State to make an election.

While it is true, as held in *Holt* v. *The State*, 107 Tenn., 539, 64 S. W., 473, that in misdemeanor cases, such as those arising under presentments for unlawfully carrying weapons, and for violation of the liquor laws, and the like, testimony may be introduced tending to show numerous infractions of the law, falling within the period of limitation, although there be only one count in the indictment or presentment, and that in such cases the court, on application of the defendant, will compel the State to elect the particular offense or instance upon which it will ask a conviction at the

Payne v. State.

hands of the jury, yet we do not think the rule applies to a case such as the one we have before us. Here the defendant below, plaintiff in error in this court, was indicted for practicing medicine without a license. The term "practicing," in respect of the subject in connection with which it is used, indicates the pursuit of a business. The fact that the defendant was pursuing such business may be proven in some cases, no doubt, by a single act, where that act is clear and definite, and is so supported by other circumstances as to indicate that he was indeed pursuing the business in question; but in all cases it is far more satisfactory that a series of acts of a similar nature be proven, all tending to show that the defendant was engaged in the forbidden occupation, to the end that the jury may be enabled to determine from the defendant's course of conduct whether he is guilty of the charge. In other words, under such a charge, each several instance of advising patients, prescribing for them, or administering medicine to them is not necessarily an offense, but these facts all taken together, when considered in connection with the further fact that the defendant had no license to practice, go to prove the charge of practicing without license.

Nor is this view of the matter at all in conflict with the reasons on which *Holt* v. *State* and similar cases rest. It is no more difficult for the jury to examine and draw conclusions from such a series of facts than from any other series tending to support a general prop-

112 Tenn—38

osition, nor is it more difficult for the defendant and his counsel to prepare the defense and present it to the jury. Nor can any inconvenience or hardship arise in pleading former acquittal or former conviction, as the case may be, in event there should be a subsequent prosecution. Necessarily, from the very nature of the case, an indictment for unlawfully practicing medicine would cover all special instances occurring prior to the indictment or presentment in the particular venue or county, and going to sustain the main charge; hence a former acquittal or conviction could be pleaded in bar of any subsequent prosecution based upon such prior acts.

The statute under which the prosecution was brought is chapter 78, page 115, of the Acts of 1901. The first section of that act reads as follows:

"No person shall practice medicine in any of its departments within this State, unless, and until such person shall have obtained a certificate of license from the State board of medical examiners, hereinafter created in the county or counties in which he proposes to practice; provided, however, that the provisions of this act shall not apply to any person or persons, who at the time of its passage are duly and regularly licensed by law to practice medicine in any of its branches in this State."

Section 19, page 120, provides:

"That any person shall be regarded as practicing medicine within the meaning of this act, who shall treat

Payne v. State.

or profess to treat, operate on, or prescribe for any phys-
ical ailment or any physical injury to or deformity of an
other; provided, that nothing in this section shall be
construed to apply to the administration of domestic or
family remedies in cases of emergency, or to the laws
regulating the practice of dentistry; and this act shall
not apply to surgeons of the United States army, navy
or marine hospital service, or to any registered physi-
cian or surgeon of other States when called in consul-
tation by a registered physician of this State, or to mid-
wives or to veterinary surgeons, or to osteopathists not
giving or using medicine in their practice, or to opti-
cians, or to christian scientists."

We are of opinion that the testimony above recited
makes out the case against the plaintiff in error, in that
he treated and professed to treat, and prescribed for,
various physical ailments.

In the argument at the bar much was said in respect
of section 17, page 119, which has special reference to
itinerant physicians. We do not deem it necessary to
consider that section in the present opinion, inasmuch
as it is fully discussed and considered in another case
decided at the present term of the court, in which the
plaintiff in error in this case is also a party.

It results that there is no error in the judgment of
the court below, and it must be affirmed.