## J. N. KIRK *v.* STATE.

### (*Nashville.* December Term, 1911.)

1. **STATUTES.** Amendment must be confined to subject expressed in caption of former act, when later act is merely amendatory.

   Where a later act merely purports to amend a former act, the amendment must be confined to the subject expressed in the caption of such former act. (*Post, pp.* 11, 12.)

   Acts cited and construed: Acts 1901, ch. 78; Acts 1907, ch. 543, sec. 4.

   Constitution cited and construed: Art. 2, sec. 17.

2. **SAME.** Same. Scope must be confined to one subject which must be expressed in its title.

   The scope of an act, whether original or amendatory, must be confined to one subject, which must be expressed in its title. (*Post, p.* 12.)

   Constitution cited and construed: Art. 2, sec. 17.

3. **CONSTITUTIONAL LAW.** Disjunctive "or" should be read as conjunctive "and" in statute for regulating practice of medicine, etc., and forbidding itinerants from selling "or" applying drugs, etc.

   Legislation (Acts 1901, ch. 78, and Acts 1907, ch. 543, sec. 4), whose object was to regulate the practice of medicine anl surgery, and whose provisions made it "unlawful for any itinerant physician, or vendor of any drug, nostrum, ointment, or application . . . to sell or apply the same," was not intended to prohibit the sales of drugs, etc., as property, but to forbid the sale and application of them; and it is, therefore, held that the disjunctive "or," used between the words "sell" and "apply," must be construed and read as the conjunctive "and." Such construction shows the legislation to be for the regulation of medi-

Kirk v. State.

cine and surgery, and to embrace but one subject within the pro-
vision of the constitution (art. 2, sec. 17), and not open to the
objection that it prohibits the sale of property, and works a
depreviation of the same contrary to the State constitution
(art. 1, sec. 8, and art. 11, sec. 8), or to the constitution of
the United States (14th am.). (*Post, pp.* 11-13.)

Acts cited and construed: Acts 1901, ch. 78; Acts 1907, ch. 543,
sec. 4.

Constitution cited and construed: Art. 1, sec. 8; art. 2, sec. 17;
art. 11, sec. 8 (State); 14th am. (U. S.).

**4. STATUTES.   To be construed to carry out intent; words
modified, altered, or supplied, when.**

It is the duty of the courts always to construe statutes so as to
carry out the legislative intent; and when that intent is clear,
upon reading the statute, words may be modified, altered, or
supplied, so as to give effect to it. (*Post p.* 13.)

Cases cited and approved: Nichols & Shepherd Co. v. Loyd, 111
Tenn., 145-148; Payne v. State, 112 Tenn., 587; Wright v.
Cunningham, 115 Tenn., 452; Wynne v. Lee, 106 La., 400.

**5. SAME.   One susceptible of two constructions must be given
that which will save it from unconstitutionality.**

It is always to be presumed that the legislature did not intend
to pass an unconstitutional act, and when an act is susceptible
of two constructions or interpretations, one constitutional and
the other unconstitutional, it should be construed so as to be
constitutional. (*Post, pp.* 13, 14.)

Cases cited and approved: Dugger v. Insurance Co., 95 Tenn.,
250; Henley v. State, 98 Tenn., 682.

**6. SAME.   Discrimination against itinerant physicians and
vendors in favor of residents is valid and constitutional.**

The legislation (Acts 1901, ch. 78, as amended by Acts 1907, ch.
543, sec. 4), making it "unlawful for any itinerant physician,
or vendor of any drug,. nostrum, ointment, or application  .  .  .
to sell or apply the same," is not unconstitutional as arbitrary
and vicious class legislation, nor as creating an unlawful dis-

Kirk v. State.

crimination; for the distinction made between resident and itinerant physicians, surgeons, and vendors is supported by a natural and reasonable basis, and has reasonable relation to the subject-matter. (*Post, pp.* 14, 15.)

Acts cited and construed: Acts 1901, ch. 78; Acts 1907, ch. 543, sec. 4.

Cases cited and approved: Payne v. State, 112 Tenn., 587; O'Neil v. State, 115 Tenn., 432; Dent v. W. Virginia, 129 U. S., 114; Hawker v. New York, 170 U. S., 189; Reetz v. Michigan, 188 U. S., 505; Meffert v. Packer, 195 U. S., 625; Breese v. State, 137 Iowa, 673; Witty v. Indiana, 173 Ind., 404; State v. Smith, 233 Mo., 242.

7. **PHYSICIANS AND SURGEONS.** Statute prohibiting advertisements by itinerants is not invalid, because it tends to prevent fraud.

The legislation (Acts 1901, ch. 78, as amended by Acts 1907, ch. 543, sec. 4) prohibiting itinerant physicians and vendors from selling and applying drugs or nostrums, or from advertising their remedies, medicines, or services, is valid; for it is well settled that the legislature may enact laws tending to prevent the perpetration of fraud, although the act prohibited is otherwise harmless in itself. (*Post, p.* 16.)

Acts cited and construed: Acts 1901, ch. 78; Acts 1907, ch. 543, sec. 4.

Cases cited and approved: State v. Mill Co., 123 Tenn., 399; State v. Bair, 92 Iowa, 28; People v. Blue Mountain Joe, 129 Ill., 370; State v. Ragland, 31 W. Va., 453; Thompson v. Van Lear, 77 Ark., 506; Board v. McCrary, 95 Ark., 511.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson County.—A. B. NEIL, Judge.

M. S. Ross, for Kirk.

Assistant Attorney-General Faw, for State.

. Mr. Chief Justice Shields delivered the opinion of the Court.

J. N. Kirk, plaintiff in error, was convicted in the criminal court of Davidson county, Tennessee, upon an indictment predicated upon chapter 78, Acts of 1901, as amended by chapter 543, Acts of 1907 (section 4 of the last act), charging that, being then and there an itinerant physician, he "did unlawfully, by means of printed matter, printed and published in a certain newspaper, to wit, the Nashville Banner, then and there published and widely circulated and read in said county, profess to treat and cure, in said county and State, divers diseases by the manipulation and operation of divers apparatus, a description of which apparatus is to the grand jurors unknown, in, against, and upon the bodies of persons suffering from diverse diseases, and by the application of electricity and electro-radio power, to, in, upon, and through the bodies of persons suffering from divers diseases, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The case has been brought to this court to review the judgment entered against him, and error assigned.

The first question arising is the constitutionality of the statute upon which the indictment is predicated.

Its validity was challenged by a motion to quash the indictment upon the ground, as contended by counsel, that the particular section in question (section 4 of the amended act) contravenes article 1, section 8, of the constitution of Tennessee, providing "that no man shall be . . . in any manner disturbed or deprived of his life, liberty or property but by the judgment of his peers, or the law of the land," the "due process" clause of the fourteenth amendment to the constitution of the United States, and also that it is arbitrary and vicious class legislation.

The original act (chapter 78, Acts of 1901) is entitled: "An act to regulate the practice of medicine and surgery in the State of Tennessee, and to define and punish offenses committed in violation of this act," and consists of twenty-four sections, covering the entire subject. The second act (chapter 543, Acts of 1907) merely purports to amend the former, and, of course, the amendment must be confined to the subject expressed in the caption of that act.

Section 4 of the last act is in these words:

"Be it further enacted, that it shall be unlawful for any itinerant physician, or vendor of any drug, nostrum, ointment, or application of any kind intended for the treatment of disease or injury, to sell or apply the same, or for such itinerant physician or vendor, by writing, printing, or other methods, to profess to cure or treat diseases or deformity by any drug, nostrum, manipulation, or other expedient, in this State, and whoever shall violate the provisions of this section of this act

shall be guilty of a misdemeanor, and, upon conviction thereof before a court of competent jurisdiction, shall be fined in any sum not less than $100 and not exceeding $400."

The contention of the plaintiff in error is that this is an unlawful discrimination against itinerant physicians and vendors, the prohibition not including physicians and vendors who have established places of business, and for that reason it is arbitrary and vicious class legislation, violating article 1, section 8, and article 11, section 8, of the constitution of Tennessee, and that it prohibits itinerant physicians and vendors from selling and disposing of their property, and deprives them of the right to do so, and in this violates article 1, section 8, of the constitution of Tennessee, and the "due process" clause of the fourteenth amendment to the constitution of the United States.

The object of the legislature in enacting these statutes —the original and that amending it—was to regulate the practice of medicine and surgery in the State of Tennessee, and the legislation in each act must be confined to this object; otherwise, the one-subject clause of the constitution of Tennessee (article 2, section 17) would be violated.

The last contention is made through a misconception of the proper construction and meaning of the statute. It was not intended by the general assembly to prohibit the sales of drugs, etc., but to forbid the sale and application of them. The disjunctive "or" is used in the statute in the sense of the conjunctive "and" between

the words "sell" and "apply." This is clear from the subject expressed in the original act, "The regulation of the practice of medicine and surgery," and the body of both acts. There was no intention to go 'beyond the subject expressed, and legislate concerning the sale of drugs, nostrums, etc. It is the duty of the courts to always so construe statutes as to carry out the legislative intent, and where that intent is clear, upon reading the statute, words may be modified, altered, or supplied, so as to give effect to it. *Nichols & Shepherd Co.* v. *Loyd*, 111 Tenn., 145-148, 76 S. W., 911; *Wright* v. *Cunningham*, 115 Tenn., 452, 91 S. W., 293; Lewis' Suth. Stat. Const., vol. 2, sec. 347.

In the work last cited (volume 2, section 397) it is said: "The popular use of 'or' and 'and' is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the context."

We think that this applies here. Reading the word "and" instead of "or" in the statute preserves it from the vice of containing two subjects, that of practicing medicine and that of engaging in the sale of medicine; while a literal reading renders it subject to that vice. It is always to be presumed that the general assembly did not intend to pass an unconstitutional act, and when an act is susceptible of two constructions or interpre-

tations, one which will preserve and one which will destroy, that must be given it which will preserve it. *Dugger* v. *Insurance Co.,* 95 Tenn., 250, 32 S. W., 5, 28 L. R. A., 796; *Henley* v. *State,* 98 Tenn., 682, 41 S. W., 352, 1104, 39 L. R. A., 126. Construing the act only to prohibit the sale and application of drugs, etc., the provision in question applies strictly and solely to the practice of medicine and surgery, the subject of the act expressed in the title, as has been held by this court. *Payne* v. *State,* 112 Tenn., 587, 79 S. W., 1025. This construction has been given the word "or" in a similar statute enacted in Louisiana. *Wynne* v. *Lee,* 106 La., 400, 31 South., 14.

Thus construed, as must be done to carry out the intention of the general assembly, the objection that the statute unlawfully prohibits the sale of property, and the right to make sale of it, is removed. We do not intend to intimate that, if the statute was as insisted by the plaintiff in error, it would not be valid, as that question does not arise, and is not here considered.

We are of the opinion that there is no unlawful discrimination in the provisions of the statute, and that it is not subject to the objection that it is vicious and arbitrary class legislation. We think, on the contrary, that the distinctions made between physicians, surgeons, and vendors who have an established place of business, where they are known to the public and all who may be reasonably expected to become their patients and patrons, and itinerant physicians and vendors of drugs, medicines, appliances, etc., intended for the treatment

of disease or injury, is supported by a natural and reasonable basis, and has reasonable relation to the subject-matter. The object of the prohibition is to prevent physicians and vendors who have no fixed place of business, are unknown to those to whom they tender their services and medicine, and have no reputations for professional skill, honesty, and fair dealing to maintain, from traveling about the country and defrauding the people by working upon the fears and hopes of the unfortunate and afflicted. It is well known that itinerant physicians and vendors of medicines, nostrums, appliances, etc., of this character are generally and as a class unreliable, and that the money which they obtain from an unfortunate class of the people is without consideration. Other provisions of this statute have been attacked and held valid. *Payne* v. *State,* 112 Tenn., 587, 79 S. W., 1025; *O'Neil* v. *State,* 115 Tenn., 432, 90 S. W., 627; 3 L. R. A. (N. S.), 762.

Statutes for this purpose, similar to the one we have under consideration, have been enacted in most of the states, and their constitutionality generally sustained: *Reetz* v. *Michigan,* 188 U. S., 505, 23 Sup. Ct., 390, 47 L. Ed., 563; *Hawker* v. *New York,* 170 U. S., 189, 18 Sup. Ct., 573, 42 L. Ed., 1002; *Dent* v. *W. Virginia,* 129 U. S., 114, 9 Sup. Ct., 231, 32 L. Ed., 623; *Meffert* v. *Packer,* 195 U. S., 625, 25 Sup. Ct., 790, 49 L. Ed., 350; *Bresee* v. *State,* 137 Iowa, 673, 114 N. W., 45, 24 L. R. A. (N. S.), 103; *Witty* v. *Indiana,* 173 Ind., 404, 90 N. E., 627, 25 L. R. A. (N. S.), 1297; *State* v. *Smith,* 233 Mo., 242, 135 S. W., 465, 33 L R. A. (N. S.), 179.

The specific provision of the statute which the plaintiff in error is charged with violating is that which prohibits itinerant physicians and vendors, by writing, printing, or other methods, to profess to cure or treat disease or deformity by drugs, manipulation, or other expedient. The object of this provision is to prevent such persons from practicing the frauds prohibited in the first clause of the sentence. It is well known that fakirs of the kind here legislated against usually advertise their services and medicines, and that advertising, if not altogether necessary, greatly aids them in perpetrating their fraudulent practices upon the people. It is well settled that the legislature may enact laws which tend to prevent the perpetration of fraud, although the act prohibited is otherwise harmless in itself. *State* v. *Mill Co.*, 123 Tenn., 399, 131 S. W., 867. This provision has usually been contained in the statutes passed by other states for the suppression of itinerant physicians and vendors selling and applying their nostrums, and generally sustained. *State* v. *Bair,* 92 Iowa, 28, 60 N. W., 486; *People* v. *Blue Mountain Joe,* 129 Ill., 370, 21 N. E., 923; *State* v. *Ragland,* 31 W. Va., 453, 7 S. E., 424; *State Medical Board* v. *McCrary,* 95 Ark., 511, 130 S. W., 544, 30 L. R. A. (N. S.), 787, Ann. Cas., 1912A, 631; *Thompson* v. *Van Lear,* 77 Ark., 506, 92 S. W., 773, 5 L. R. A. (N. S.), 588, 7 Ann. Cas., 154. The objections made to the statute are without merit, and the trial judge committed no error in overruling the motion to quash, based on its supposed invalidity.

Kirk v. State.

The trial judge, however, committed error in the trial of the case that we think prejudiced the plaintiff in error, and the assignments of error predicated on these errors must be sustained, judgment reversed, and the case remanded for a new trial. We will not discuss these errors, as they are fully pointed out in the assignment of errors, and will be stated in the judgment of the court, and will not occur again.

Reversed and remanded.