STATE of Tennessee ex rel. Charles W.
RUSSELL, Appellant-Counter-
Defendant,

v.

George C. LaMANNA, Appellee-
Counter-Complainant,

v.

David M. PACK, Attorney General, State of
Tennessee, Appellant-Counter-Defendant.

Supreme Court of Tennessee.

Aug. 20, 1973.

Everett H. Falk, Asst. Atty. Gen., Nashville, Hunter Lane, Jr., Memphis, for appellants-counter-defendants.

J. Minor Tait, Jr., Asst. Co. Atty., Memphis, for appellee-counter-complainant.

## OPINION

JOHN W. WILSON, Special Justice.

This record presents an appeal by the appellants, Charles W. Russell and David M. Pack, Attorney General, State of Tennessee, from that part of a decree of the Chancery Court of Shelby County, the Honorable Wil V. Doran, Chancellor, which declared unconstitutional Chapter 566 of the Public Acts of 1970 (which amends T.C.A. § 67–602). The appellants and the appellee hereinafter will be referred to as they appeared in the trial court, to wit: counter-defendants and counter-complainant, respectively, or by name.

The parties agree that the statement of the case as made by Charles W. Russell and David M. Pack is not controverted and the same is inserted as follows, with citations to record omitted.

On September 23, 1971, the State of Tennessee, suing on the relation of Charles W. Russell, filed a petition for a writ of mandamus against George C. LaManna, Shelby County Assessor of Properties, alleging that in assessing real property and the improvements contained thereon in Shelby County, including that of Charles W. Russell, George C. LaManna disregarded the mandate of T.C.A. § 67–602, as amended by Chapter 566 of the Public Acts of 1970 with respect to the valuation of incomplete improvements to real property.

On September 23, 1971, an alternative writ of mandamus was issued. On December 22, 1971, George C. LaManna answered the petition denying the material allegations contained therein and filed a counter-complaint against Charles W. Russell and against David M. Pack in his capacity as Attorney General for the State of Tennessee seeking a declaratory judgment construing the provisions of T.C.A. § 67–602, and alleging that if T.C.A. § 67–602 is construed as limiting the assessment of incomplete improvements to the value of materials used therein without considering construction labor as an element of value it violates Article 2, Sections 28 and 29 of the Tennessee Constitution and is thereby unconstitutional.

On February 1, 1972, counter-defendant Pack filed a motion to dismiss the counter-complaint under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief could be granted in that T.C.A. § 67–602 as amended by Chapter 566 was constitutional on its face. On April 13, 1972, counter-defendant Russell answered the counter-complaint. On May 30, 1972, counter-defendant Pack's motion to dismiss was overruled after a hearing, and on June 14, 1972, counter-defendant Pack answered the counter-complaint denying in substance that if Chapter 566 is interpreted to exclude construction labor as an element of value in assessing incomplete improvements to real property it is not unconstitutional in any respect.

This cause came on to be heard in the Chancery Court of Shelby County, Part II, before the Honorable Wil V. Doran, Chancellor, upon the pleadings of the parties, the statements. of counsel and the entire record in the cause. Upon the conclusion of the hearing the Chancellor decreed that the petition for writ of mandamus be dismissed and that T.C.A. § 67–602, as amended by Chapter 566 of the Public Acts of 1970 be declared unconstitutional as being in violation of Article 2, Sections 28 and 29 of the Tennessee Constitution. The

counter-defendants duly appealed and assigned errors.

The following errors are assigned:

"1. The Chancellor erred in overruling counter-defendant Pack's motion to dismiss the counter-complaint challenging the constitutionality of T.C.A. § 67–602, as amended by Chapter 566 of the Public Acts of 1970 when Section 67–602 as amended is constitutional on its face.

2. The Chancellor erred in determining that Section 67–602 as amended violated Article 2, Sections 28 and 29 of the Tennessee Constitution.

3. The Chancellor erred in failing to adopt a construction of T.C.A. § 67–602 which would be in harmony with the provisions of the Tennessee Constitution when such a construction is logically inferable and legally permissible."

The final decree dismissed the petition for writ of mandamus upon the recital therein that complainant desired to dismiss the petition for writ of mandamus and proceed on the counter-complaint for declaratory judgment.

The statute involved in the instant case is T.C.A. § 67–602, as amended by Chapter 566 of the Public Acts of 1970, which provides as follows:

"It shall be the duty of the assessor each year to ascertain whether or not any permanent improvements have been placed upon any real estate previously assessed, so as to increase the value thereof to the amount of two hundred dollars ($200) or more, and in such case he shall reassess such real estate, taking into consideration the value thereof resulting from permanent improvements, which assessments shall in all cases be made as of the tenth day of January of the year of which the assessment is made.

The assessor shall increase the valuation of assessment upon the real estate by reason of such improvements at the next ensuing assessment date following completion, as herein defined, or such buildings or improvements.

Any such improvements or buildings shall be deemed completed and to have a value for assessment purposes when the real estate upon which such improvements or buildings are located shall have been conveyed to a bona fide purchaser or when such buildings or improvements have been occupied, whichever shall first occur; in no event shall the improvements or buildings aforesaid be considered incomplete for valuation or assessment purposes for more than one [1] calendar year immediately following the year in which such construction was commenced.

In the event that such improvements shall be considered incomplete for valuation purposes as real property on January 10th of any year, under the provisions of this section, the county assessor shall assess such improvements as personal property based on the fair market value of the materials used therein."

The decree fully sets out the contention of the parties and we copy part of the decree, as follows:

"It further appearing to the Court that there are no contested issues of fact existing between the parties and that the Counter Complainant seeks to have determined the construction or validity of T.C.A. 67–602 (as amended by Chapter 566 of the Public Acts of 1970), and

It further appearing to the Court that the Counter Complainant seeks a declaration that T.C.A. 67–602 requires that the value of the labor expended in the installation of the materials used in making permanent improvements upon real estate be included in determining 'the fair market value of the materials used therein'. The Counter Complainant seeks in the alternative a declaration that if T.C.A. 67–602 be construed as in any way limiting the assessment of in-

complete improvements (or complete improvements when the real estate on which such improvements are located have not been conveyed to a bona fide purchase or such improvements have not been occupied and when such assessment is made within a period of time ending one (1) calendar year after the year in which construction of such improvements were commenced) to the value of the materials used therein, excluding the value of labor and other costs, then said Act is unconstitutional as violating Article II, Sections 28 and 29 of the Tennessee Constitution, which sections require that all property be assessed according to its value so that taxes shall be equal and uniform. The Counter Complainant also contends that such a construction of said Act would in effect grant an exemption from taxation in violation of Article II, Sections 28 and 29 of the Tennessee Constitution resulting in discrimination against all other tax payers not belonging to the favored class, and

It further appearing to the Court that the Counter Defendants contend that T. C.A. 67–602 is not in violation of Article II, Sections 28 and 29 of the Tennessee Constitution and that the legislature in passing said Act was acting within its authority in directing a method to ascertain the value of incomplete and complete improvements upon real estate.

It further appearing to the Court that the proper parties are before the Court and that the controversy existing between the parties is a proper subject for Declaratory Judgment and that the parties are entitled to a ruling in this matter.

It further appearing to the Court that T.C.A. 67–602 is not vague or ambiguous and that the legislature intended that real estate containing incomplete improvements (or complete improvements when the real estate has not been sold or

occupied and the assessment is made within one (1) calendar year after the year in which construction was commenced) should be assessed as personal property based only on the fair market value of the materials used therein excluding labor and other costs, and

It further appearing to the Court that Chapter 566 of the Public Acts of 1970 is in violation of Article II, Section 28 and 29 of the Tennessee Constitution for the following reasons:

1) Said Act works a postponement of the inclusion of increased value in assessments.

2) Said Act allows property of a certain class to be taxed at less than its value resulting in taxes which are not equal and uniform.

3) Said Act classifies property of a certain class as personal property when said property is in fact real property, thereby discriminating against all other tax payers not belonging to the favored class.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED:

.    .    .    .    .    .

2) That Chapter 566 of the Public Acts of 1970 be and the same hereby is declared to be in violation of Article II, Sections 28 and 29 of the Tennessee Constitution and therefore unconstitutional.
.   .   .   ."

The legislative authority to enact the provisions of Chapter 566, Acts of 1970, was derived from Article 2, Section 28 of the Constitution which, at the time of the enactment of Chapter 566, provided, in part, as follows:

"All property shall be taxed according to its value, that value to be ascertained in such manner as the Legislature shall direct, so that taxes shall be equal and uniform throughout the State." [1]

1. Article 2, Section 28 of the Constitution has been amended in its entirety effective January 1, 1973. The amendment, however, also includes provisions which give the Legislature

It appears the counter-complainant is of the opinion that the provisions contained in paragraph 3 of § 67–602 T.C.A. would allow property actually completed as of January 10, unless sold or occupied, to escape an assessment of value for tax purposes, and is unconstitutional. The position of the counter-defendant, Pack, is to the contrary.

The question of assessing the value of property for the purpose of taxation has, down through the years, presented many questions for the assessor, and there are many cases of this Court dealing with the question. In the case of L. & N. R. R. Co. v. The State of Tennessee, et al., 55 Tenn. 663 (1874), at p. 796, the Court said:

". . . An exact mathematical certainty in assessing the value of property for taxation is not attainable. It was an observation of Chancellor Kent, that a just and perfect system of taxation, is yet a *desideratum* in civil government: 2 Comm. 332."

In the case of Palmer v. Southern Express Co., 129 Tenn. 116, at p. 156, 165 S. W. 236, at p. 246 (1913), the Court said:

". . . As said by the Supreme Court, speaking through Mr. Justice Caldwell, in Manufacturing Co. v. Falls, 90 Tenn. [466] 469, 16 S.W. [1045] 1046: 'It is well to observe in the outset that all intendments are in favor of the constitutionality of an act of the Legislature passed with the forms and ceremony requisite to give it the force of law, and that, where one construction will make a statute void on account of conflict with the Constitution, and another would render it valid, the latter will be adopted by the courts, even though the former, at first view, be otherwise the more natural interpretation of the language used.'"

In the case of Telephone & Telegraph Co. v. Hartley, 127 Tenn. 184, at p. 201, 154 S.W. 531, at p. 535 (1912), the Court said:

"It must be presumed that the Legislature, in enacting a law, does not intend to violate any provision of the Constitution, and a construction in harmony with that instrument must always be given by the court, if possible, although not the most obvious or natural one. Cole Mfg. Co. v. Falls, 90 Tenn. [466] 468, 469, 16 S.W. 1045."

In the case of Memphis Street Railway Co. v. William G. Byrne, 119 Tenn. 278, 104 S.W. 460 (1907), the Court said:

"The familiar canon of construction, that where the constitutionality of a statute is called in question, every intendment and presumption is in its favor, and every doubt must be solved so as to sustain it, and where it is subject to two constructions, that which will sustain its constitutionality must be adopted, is applicable in the interpretation of titles. Cole Manufacturing Co. v. Falls, 90 Tenn. 466, 16 S.W. 1045; State ex rel v. Schlitz Brewing Co., 104 Tenn. 715, 59 S.W. 1033, 78 Am.St.Rep. 941."

In Kirk v. State, 126 Tenn. 7, at p. 13, 150 S.W. 83, at p. 85 (1911), the Court said the following:

". . . It is always to be presumed that the General Assembly did not intend to pass an unconstitutional act, and when an act is susceptible of two constructions or interpretations, one which will preserve and one which will destroy, that must be given it which will preserve it. Dugger v. Insurance Co., 95 Tenn. [245] 250, 32 S.W. 5 . . ."

the power to direct the manner of ascertaining value:

"The ratio of assessment to value of property in each class or subclass shall be equal and uniform throughout the State, the value and definition of property in each class or subclass to be ascertained in such manner as the Legislature shall direct. Each respective taxing authority shall apply the same tax rate to all property within its jurisdiction."

■ We agree with the following statement made by the counter-defendant Pack, on the brief, as follows:

"In accordance with these principles of statutory construction, the counter-defendants submit that Section 67–602 is susceptible of an interpretation which would construe the completion criteria as establishing only outer limits after which improvements, even if not actually completed, will be deemed complete for assessment purposes. Section 67–602 does not specifically direct that improvements actually completed be considered incomplete until one of the stated conditions occurs or until after the passage of one calendar year following the year construction was commenced. Nothing is contained in Section 67–602 which would prevent improvements from being valued as real property if such are actually complete, thereby having an immediate value as real property as of January 10. If such a logical construction is placed on Section 67–602, it does not work a postponement of the inclusion of increased value in assessments and it is consistent with the provisions of the Constitution and the legislative definition of value contained in T.C.A. § 67–605."

The problems of the Assessor as referred to in L. & N. R. R. Co. v. The State of Tennessee, supra, decided almost 100 years ago, are, at the present time, greater and more complex on account of a faster expanding population and economy.

To say that a completed improvement, viz., a residence or commercial property placed on raw land, actually completed (as distinguished from improvements deemed completed) as of January 10, could not be assessed for taxes as real estate without reference to the provisions of paragraph 3 of T.C.A. § 67–602, as amended by Chapter 566, Public Acts of 1970, would have the effect of rendering the first paragraph of T.C.A. § 67–602 meaningless.

■ If the improvement is, as a fact, completed, or there be conditions wherein the property is deemed completed under the Act, then the property is to be assessed for taxes according to its value as real estate, on the basis as provided in T.C.A. Sec. 67–605.

The decree of the Chancellor recites, in part, as follows:

". . . the legislature intended that real estate containing incomplete improvements (or complete improvements when the real estate has not been sold or occupied and the assessment is made within one (1) calendar year after the year in which construction was commenced) should be assessed as personal property based only on the fair market value of the materials used therein excluding labor and other costs . . ."

■ It is obvious from what we have said above that we do not agree with the learned Chancellor. The Act does not (1) work a postponement of the inclusion of increased value in assessment; (2) it does not allow property of a certain class to be taxed at less than its value, and (3) it does not classify property of a certain class as personal property when such property is actually real property.

The only mention of personal property is to be found in the last paragraph of T.C.A. § 67–602, as amended by Public Acts of 1970, Chapter 566, wherein it is stated that if the improvement be considered incomplete for valuation purposes as real property, the Assessor shall assess such improvement as personal property, based upon the fair market value of the materials used therein.

T.C.A. § 67–605 provides, in part, as follows:

"*Basis of valuation.*—All property shall be assessed and taxed according to its value, which shall be ascertained from the evidences of its sound, intrinsic and

immediate value, for purposes of sale between a willing seller and a willing buyer without undue consideration of speculative values."

In the process of building homes on raw land, such as developing a subdivision, the improvements go through many states of being incomplete and, while incomplete, could never be expected to attract a willing buyer, and it follows there would be no market value for such improvements prior to completion.

█ The Legislature knew this when it provided that the improvements in the incompleted state be assessed as personal property on the basis of the fair value of the materials used therein. Once the improvement is completed, the improvement takes its place as part of the realty and is to be assessed as real estate—but prior to the completion it was the intention of the Legislature to require an assessment as personal property based upon the fair market value of the materials.

In the case of Ogilvie v. Hailey, 141 Tenn. 392, at p. 396, 210 S.W. 645, at p. 647 (1918), the Court said:

"The later decisions of this court and of the Federal Supreme Court have conceded to the Legislature a very wide range of discretion in the matter of classification in police statutes and revenue statutes. The idea is that, if any possible reason can be conceived to justify the classification, it will be upheld. State v. McKay, 137 Tenn. 280, 193 S.W. 99, Ann.Cas.1917E, 158; City of Memphis v. State ex rel., 133 Tenn. 83, 179 S.W. 631, L.R.A.1916B, 1151, Ann.Cas.1917C, 1056; Motlow v. State, 125 Tenn. 547, 145 S.W. 177, . . . ."

We are of the opinion that the Act is, in all respects, constitutional, and the judgment of the Chancellor is reversed. The costs will be assessed against the appellee and counter-complainant.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.

HUMPHREYS, Justice (concurring).

Chancellor Wil V. Doran followed the reasoning of the majority opinion of this Court in Metropolitan Government v. Hillsboro Land Co. Inc., 222 Tenn. 431, 436 S.W.2d 850 (1968), assuming the reasoning in that case would apply in this case.

However, I must concur in the opinion in this case, notwithstanding Metropolitan Government v. Hillsboro Land Co. Inc. I concur on the grounds on which I dissented in that case. 222 Tenn. 445–457, 436 S.W.2d 850.

Although my dissent is not mentioned, the majority opinion adopts every premise of my dissent, and reaches the same conclusion I fought for in Metro v. Hillsboro. So, naturally, I concur.