F. W. ASH, *as Clerk of School District No. 139*, v.
FRED W. THORP.

**No. 12,618.** ( 68 Pac. 1067.)

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW — *Special School-district Act of 1901.*
The act entitled "An act to dissolve school districts numbered 4,
35, and 108, Reno county, Kansas, and attach the same to school
district No. 139, Reno county, Kansas, for the purpose of form-
ing a graded school" (Laws 1901, ch. 339), does not violate the
constitutional provision against a plurality of subjects, or the one
prohibiting the passage of special laws where a general law can
be made applicable.

2. ——— *Broad Title will not Invalidate an Act.* If an act
contains only a single subject and that is clearly expressed in the
title, the constitutional mandate is satisfied, and the mere fact
that the title may be broader than the act itself will not defeat its
validity.

Original proceeding in mandamus. Opinion filed
May 10, 1902. Peremptory writ allowed.

*Geo. A. Vandeveer*, and *F. L. Martin*, for relator.
*Prigg & Williams*, for respondent.

The opinion of the court was delivered by

JOHNSTON, J. : At the last session of the legislature
an act was passed purporting to dissolve three school
districts in Reno county and to attach the territory
previously included in them to another district.
(Laws 1901, ch. 339.) A demand by the clerk of
the enlarged district for the records, books and papers
originally belonging to one of the dissolved districts
was refused by those holding them, on the ground
that the act was invalid. To compel a delivery of
these and to test the constitutionality of the act, this
proceeding was brought, and, upon a motion to quash

the alternative writ, the court at a recent session, held the act to be valid. Since that time an answer was filed and an agreed statement of facts made, but none of the facts brought to our attention affects the validity of the act. Such facts might have been made a basis of appeal to the discretion and judgment of the the legislature, but we cannot inquire into the motives of that body, nor question the policy or wisdom of its acts. Enactments within the domain of its power are not subject to attack on grounds of expediency or policy.

The contention is renewed here that the act violates the limitations of the constitution in several particulars. First, it is contended that it embraces a plurality of subjects. A reading of the act, which is very brief, answers that contention. Briefly stated, it provides for the dissolution of three school districts, the attaching of the territory included in them to the existing district, and a transfer of the property belonging to them to such district. The general subject of the act is "schools," or, to make it more particular, it may be said to be the "reorganization of school districts," and every provision is fairly included within either. It is not contended that there is more than one subject in the body of the act itself, but it is contended that the title of the act contains two subjects. It is entitled: "An act to dissolve school districts numbered 4, 35, and 108, Reno county, Kansas, and attach the same to school district No. 139, Reno county, Kansas, for the purpose of forming a graded school." The claim is that the dissolving of three school districts is one subject, and the forming of a graded school is another subject, but, as will be seen, the subject is the reorganization of school districts, and added to it is the expressed purpose of forming a graded school. It may

be doubted whether the phrase, "for the purpose of forming a graded school," should be regarded as a subject distinct from the dissolution of the districts and the attaching of them to another, any more than it would have been regarded as a different subject if the phrase had been for the purpose of forming and operating a public school. Public-school districts are organized for no other purpose than the operation of public schools. However, the phrase is mere surplusage, since the body of the act contains nothing whatever in regard to the character of school which shall be conducted in the reorganized district.

If it should be held that the added phrase indicates another subject, it would not necessarily be violative of the constitution. The inhibition is not against the inclusion of more than one subject in the title, but it is against the inclusion of more than one subject in the act itself. It provides: "No bill shall contain more than one subject which shall be clearly expressed in its title." (Const., art. 2, §16.) The mischief against which provision was made was the making of a title so narrow or restricted as not to indicate the subject of the act. If the act contains only a single subject and that is clearly expressed in the title, the mandate of the constitution is satisfied, and the mere fact that the title may be broader than the act will not defeat its validity. The title clearly points out the provisions contained in the act, and, therefore, the purpose of the constitutional inhibition has been accomplished.

It is next contended that the act is in violation of section 17 of article 2 of the constitution, which provides that "all laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable no special law shall be enacted." It is said that no good

Ash v. Thorp.

reason exists for the enactment of special legislation, as a general law could be fairly applied to the existing conditions in the districts. The legislature determines for itself the necessity for special legislation, and when it has passed a special act it has exercised its discretion and expressed its opinion and judgment that a general law cannot be made applicable, and that the legislative purpose can best be effected by a special law. (*The State, ex rel., v. Hitchcock*, 1 Kan. 184, 81 Am. Dec. 503; *Comm'rs of Norton Co. v. Shoemaker*, 27 id. 77; *City of Wichita v. Burleigh*, 36 id. 34, 12 Pac. 332; *Eicholtz v. Martin*, 53 id. 486, 36 Pac. 1064; *In re Greer*, 58 id. 268, 48 Pac. 950, and cases cited.)

We see no constitutional objection to the act in question. Its effect is to dissolve the school districts numbered 4, 35 and 108 of Reno county, and to attach the territory belonging to them to district No. 139. The organization of that district has not been affected by the legislature, but its boundaries have been enlarged by the territory formerly included in the districts which are dissolved, and it is entitled to the property belonging to those districts. The clerk of the district was, therefore, entitled to the records, books and papers of the dissolved districts, and a peremptory writ compelling their delivery will be allowed.

DOSTER, C. J., ELLIS, J., concurring.