## GANTENBEIN *v.* WEST, GOVERNOR.*

(144 Pac. 1171.)

**Statutes—Title of Act—Additional Judge.**

1. Laws of 1913, page 769, was entitled, "An act to provide an
additional circuit judge for the fourth judicial district of the State
of Oregon; to abolish the office of county judge in Multnomah County,
Oregon, and provide for the transfer to the Circuit Court of said
fourth judicial district of all the judicial business and jurisdiction of
the said County Court; providing that the present incumbent of said
office of county judge shall be and shall serve as an additional circuit
judge created by this act until his successor is elected and qualified as
herein provided." Section 1 provided for the election of an addi-
tional circuit judge for that district, and Section 2 provided that his
duty, jurisdiction, and salary should be the same as the other circuit
judges. Sections 3–5 abolished the office of county judge for the
county, and transferred the duties and powers of that office to the
circuit judges. These latter sections were unconstitutional. *Held,*
that the subject matter of the first two sections was clearly embraced
within the title as required by Article IV, Section 20, of the Con-
stitution.

[As to when the title of a statute is sufficient, see notes in 64
Am. St. Rep. 70; Ann. Cas. 1915A, 79.]

**Statutes—Effect of Partial Invalidity.**

2. The valid sections can be separated from the invalid ones with-
out difficulty, and it cannot be said that the legislature would not have
provided for the additional judge, unless it also abolished the office

---

*The question of *mandamus* to a Governor is treated in notes in
6 L. R. A. (N. S.) 750 and 32 L. R. A. (N. S.) 355.          REPORTER.

of county judge, especially in view of the crowded conditions of the docket of the Circuit Court, so that the validity of the first two sections is not affected by the invalidity of the rest.

**Constitutional Law—Construction of Statute—Favoring Constitutionality.**

3. If a statute can be given any reasonable interpretation consistent with its validity, such interpretation should be adopted.

**Statutes—Subject to Act—Partial Invalidity.**

4. The rule that where an act embraces two subjects contrary to Article IV, Section 20 of the Constitution, it is invalid as to both, is based on the impossibility of the court choosing between the two, and does not apply where the act is otherwise unconstitutional as to one of the subjects embraced therein, in which case it may be upheld as to the other.

> [As to effect of constitutional provision requiring that statute embrace but one subject, which shall be expressed in the title, see note in 61 Am. Dec. 337.]

**Judges—Term—Statutes—Constitutionality.**

5. Laws of 1913, page 769, providing for the election of an additional judge for the fourth judicial district, who shall hold office for six years and until his successor is elected and qualified, does not violate Article VII, Section 1, of the Constitution, limiting the term of the judges to six years, when that section is read in connection with Article XV, Section 1, of the Constitution, providing that all officers shall hold office until their successors are elected and qualified.

**Mandamus—Officer Subject to Mandamus—Governor.**

6. *Mandamus* will lie to compel the Governor to issue a certificate of election to a duly elected circuit judge, since the Governor may be ordered to perform duties which are purely ministerial.

Original proceeding in Supreme Court.

In Banc. Statement by MR. CHIEF JUSTICE McBRIDE.

This is a proceeding in *mandamus* to require the Governor to issue a certificate of election to the plaintiff, declaring him to have been elected circuit judge of department No. 6 of Multnomah County, at the general election held November 3, 1914. The petition alleged the statutory qualification of plaintiff to hold the office and the regularity of the election, and sets forth, further, that at said election there were cast for candidates for said office 69,827 votes, and that plaintiff, having received a majority of 36,147 votes,

was duly elected to said office. After reciting all the
preliminary steps leading up to the final canvass of
the votes, it alleges that such canvass was regularly
made by the Secretary of State with the result afore-
said, and that thereafter on December 8, 1914, peti-
tioner demanded of the Governor a certificate of elec-
tion, which was refused. There is no objection made
to the form or substance of the petition except in re-
spects hereinafter stated. There was a general de-
murrer to the sufficiency of the petition. The grounds
of the demurrer are based upon the alleged unconsti-
tutionality of the statute creating an additional cir-
cuit judge in Multnomah County, which statute was
passed March 4, 1913, and is found in Laws of 1913,
Chapter 378, page 769, being as follows:

"An act to provide an additional circuit judge for the
fourth judicial district of the State of Oregon;
to abolish the office of County judge in Multnomah
County, Oregon, and provide for the transfer to
the Circuit Court of said fourth judicial district
of all the judicial business and jurisdiction of the
said County Court; providing that the present in-
cumbent of said office of county judge shall be and
shall serve as the additional circuit judge created
by this act until his successor is elected and quali-
fied, as herein provided.

"Be it enacted by the people of the State of Oregon:

"Section 1. That in addition to the five circuit
judges now provided by law for the fourth judicial
district of the State of Oregon, comprising Multnomah
County, there shall be elected on the first Tuesday
after the first Monday in November, A. D. 1914, and
at the general election every six years thereafter, one
circuit judge in said district who shall possess the
qualifications prescribed by law for circuit judges,
and whose term shall commence on the first Mon-
day of January, A. D. 1915, and who shall hold office

for the term of six years and until his successor is elected and qualified.

"Sec. 2. The duties, powers, and jurisdiction of said circuit judge shall be such as are prescribed by law and the salary shall be the same as the salary now, or hereafter, received by the other circuit judges of said district and be paid in like manner. The circuit judge herein provided shall sit in a department to be named or designated as department number 6.

"Sec. 3. The office of county judge for the county of Multnomah is hereby abolished and the present incumbent of said office is hereby created a circuit judge of the said fourth judicial district to sit in department number 6 provided for in the preceding section of this act and to hold such office and to exercise all the powers and jurisdiction of a circuit judge until his successor is elected and qualified as provided in section 1 of this act.

"Sec. 4. Upon the taking effect of this act all judicial jurisdiction, power and authority of the county judge and of the County Court of said Multnomah County as distinguished from such power and jurisdiction as is exercised in the transaction of county business, shall then, and thereafter, be vested in and exercised by the Circuit Court of said fourth judicial district, and all said matters, causes and proceedings pending in said County Court shall be considered as transferred, continued, heard and disposed of in the said Circuit Court.

"Sec. 5. As far as is practicable all matters relating to the administration of estates of decedents, minors and other legally incompetent persons and probate matters generally, shall be referred to and heard and considered in said department number 6.

"Sec. 6. All acts and parts of acts in conflict herewith are hereby repealed."

JUDGMENT FOR PETITIONER.    REHEARING DENIED.

74 Or.—22

For petitioner there was a brief over the name of *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. A. E. Clark.*

For defendant there was a brief with an oral argument by *Mr. Ernest R. Ringo.*

As *amicus curiae* there was an oral argument by *Mr. George S. Shepherd.*

Opinion by Mr. Chief Justice McBride.

In the opinions heretofore handed down in *Branch v. McCormick,* 72 Or. 608 (144 Pac. 425); and *State ex rel. v. Holman,* 73 Or. 18 (144 Pac. 429), a majority of the court expressed the opinion that so much of the act in question as attempted to transfer probate jurisdiction in Multnomah County to the Circuit Court, and to transfer the county judge of that county to a position as circuit judge, was void because in contravention of subdivision 3 of Section 23, Article IV, of the Constitution. So for the purposes of this case that contention may be taken as settled, and counsel on both sides of the present controversy have so treated it.

1. The contention made in the able arguments and briefs of counsel for defendant in the case at bar is that the whole act is void because it violates Article IV, Section 20, of the Constitution, which reads:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

A perusal of the first sentence of the title shows that the creation of an additional circuit judge is clearly

expressed as one of the subjects to be dealt with, and evidently the principal object, the other matters dealt with being only incidental to it; and, therefore, so far as this objection is concerned, it must be held to be unsound: *State* v. *Shaw,* 22 Or. 287 (29 Pac. 1028); *Clemmensen* v. *Peterson,* 35 Or. 48 (56 Pac. 1016); *Eastman* v. *Clackamas County* (C. C.), 32 Fed. 31; *Thomas* v. *State,* 124 Ala. 48 (27 South. 315); *Beatrice* v. *Masslich,* 108 Fed. 743 (47 C. C. A. 657); *Nichols* v. *Loyd,* 111 Tenn. 145 (76 S. W. 911); *Abeel* v. *Clark,* 84 Cal. 226 (24 Pac. 383); *West* v. *Latah County,* 14 Idaho, 353 (94 Pac. 445); *People* v. *McBride,* 234 Ill. 146 (84 N. E. 865, 123 Am. St. Rep. 82, 14 Ann. Cas. 994); *Ash* v. *Thorp,* 65 Kan. 60 (68 Pac. 1067); *McEldowney* v. *Wyatt,* 44 W. Va. 711 (30 S. E. 239, 45 L. R. A. 609).

2. The second objection to the act is that it contains two subjects not related to each other, and that it is therefore void as being in contravention of the section of our Constitution last cited. The rule governing cases of this character is laid down in Cooley's Constitutional Limitations (7 ed.), page 247, in the following language:

"If a statute attempts to accomplish two or more objects, and is void as to one, it may still be in every respect complete and valid as to the other. But if its purpose is to accomplish a single object only, and some of its provisions are void, the whole must fail, unless sufficient remains to effect the object without the aid of the invalid portion. And if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect, the legislature would not pass the residue independently; then if some parts are unconstitutional,

all the provisions which are thus dependent, conditional, or connected must fall with them."

The same authority also uses the following language:

"Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remained void also, unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other."

Bearing these definitions in mind, we will proceed to examine the act under consideration. As before remarked, that portion of the act providing for an additional judge in Multnomah County, namely, the first two sections, is easily separable from those sections heretofore held unconstitutional. All matters relating to the transfer of the probate jurisdiction of the County Court into the Circuit Court, and the transformation of the county judge into a circuit judge with varied and variegated powers, could be stricken both from the title and from the act itself, and yet leave a complete act providing for an additional judge.

3. It is going far into the realm of speculation to say that the additional judgeship would not have been created had the sections providing for such transfer been omitted. On the face of the act they are not so interdependent that we can presume that such a result would have followed the omission of the last four sections. Such a conclusion would be to presume against the constitutionality of an act instead of in its favor; and it is a canon of statutory construction that if a statute can be given any reasonable interpretation consistent with its validity, such interpreta-

tion should be adopted. If we should go outside the terms of the statute itself and consider conditions as they actually existed at the time, we should not have to go beyond the files of this court to find that, owing to the congested condition of the docket in Multnomah County, frequent and almost continual requests have been made upon the chief justice of this court for the assignment of judges from other districts to hold court in that district, and that judges have been continually assigned to that duty, no doubt to the inconvenience of themselves and to the detriment of business in their own districts. The congestion of business has been a matter of public comment, and is generally known, so that it is more reasonable to presume that the legislature would have passed the act in any event than that they would have allowed judicial business to accumulate in Multnomah County as it has in the past. Cases supposed to support the theory of defendant are cited; but when closely examined, they are not in point as to the case at bar.

*In re County Commissioners,* 22 Okl. 435 (98 Pac. 557), cited by defendant, is an able and instructive opinion. In that case an act of the legislature provided, in substance, that when it should be made to appear to the Supreme Court that any district had such an unusual number of cases awaiting trial that a prompt and effective administration of justice could not be secured, it should recommend to the Governor the appointment of an additional judge, and that upon such recommendation the Governor should appoint such judge, but that no such appointment should extend beyond January 1, 1911, which constituted a term of less than four years. The Constitution of Oklahoma fixed the term of district judges at four years. The objection that the act contained two distinct sub-

jects was raised, and decided in the negative. So upon that question it is not a precedent for the defendant in this case. The court, however, held the act unconstitutional because it delegated legislative powers to the judiciary, which question is not in the case at bar, and for the further reason that it limited the term of the judges to be appointed to a period of less than four years, contrary to the express provisions of the Constitution. It was contended that that part of the act so limiting the term of these temporary judges might be rejected, and the act allowed to stand, leaving the judge so appointed to serve for a term of four years. The court answered this contention in the following clear and convincing language:

"Counsel for petitioners insist that, although that part of the act providing for the period or term to be fixed by the Supreme Court falls, the term of such additional judge then is that prescribed in the Constitution. In such event, every such additional judge becomes a fixture and a permanent officer. Now, what was the intention of this act? Was it contemplated that the Supreme Court might fix the term to extend with that of the regular elected district judge? And was it further contemplated that the Supreme Court might fix a shorter term? In that event, the shorter term might fall, and the regular term stand. But section 2 of said act says: 'And provided further, that no appointment under this act shall extend beyond January 1, 1911.' It is evident that the legislature did not intend that any further term should be created, and the presumption is that, if the legislature had intended to create further terms, they would have done so. But, having indicated that they did not intend to create further terms, if we are to take the construction suggested by counsel, we would be writing a meaning into the law that was never contemplated by the legislature."

The opinion is admirable for its clearness and re-
search, but does not even touch upon the question here
presented. In that case there was but one object in
the entire act, namely, the appointment of temporary
judges to serve for a less period than the constitu-
tional term, and the act expressly prohibited the ap-
pointment of a judge for a period as long as such
term. Looking solely at the act itself, it was evident
that the legislature would not have passed it without
this limitation; the whole scope and purpose of the
act being the appointment of temporary judges whose
term of office should expire with the exigency which
rendered their appointment necessary.

In the case of *Frackelton* v. *Masters,* 249 Ill. 30 (94
N. E. 124), the court, going beyond the terms of the
act and considering judicial conditions in various
parts of the state, was of the opinion that these con-
ditions were such that the act would not have been
passed with the unconstitutional portions omitted.
These conditions do not necessarily obtain here.

4. The brief *amicus curiae* filed in this case cites
Cooley's Constitutional Limitations (7 ed.), page 211,
This citation contains the true rule and the reason of
it. It is as follows:

"The effect if the title embrace more than one ob-
ject. Perhaps in those states where this constitu-
tional provision is limited in its operation to private
and local bills, it might be held that an act was not
void for embracing two or more objects which were
indicated by its title, provided one of them only was
of a private and local nature. It has been held in
New York that a local bill was not void because embrac-
ing general provisions also; and, if they may constitu-
tionally be embraced in the act, it is presumed they
may also be constitutionally embraced in the title.
But if the title to the act actually indicates, and the

act itself actually embraces, two distinct objects, when the Constitution says it shall embrace but one, the whole act must be treated as void, from the manifest impossibility in the court choosing between the two and holding the act valid as to the one and void as to the other.''

The reason for the rule is stated in the concluding paragraph, to wit:

''The manifest impossibility in the court chosing between the two and holding the act valid as to the one and void as to the other.''

The learned author evidently had in mind those instances, and they are the most frequent where two subjects, each entirely within the purview of the Constitution and each constitutionally unobjectionable if presented separately, are included in one act. Obviously the court would be unable to select between them and declare one valid and the other void; for instance, it is entirely constitutional for the legislature to provide an additional circuit judge in the fifth judicial district. It is also entirely constitutional for it to provide a separate county recorder for Jackson County, but they are two absolutely separate subjects. Now, if these two subjects should be included in the same bill under a title covering both, the court would be compelled to say:

''Here are two subjects both in themselves within the purview of the legislature to enact separately, but obnoxious to the Constitution when included in one act. We are unable to select, and therefore the whole act must be declared void.''

This condition does not arise when one subject is within the legislative power and the other wholly outside of it, unless they are so blended and interwoven that the court is convinced that one would not have

been enacted without the other, which, as already indicated, is not the case at bar, where that subject which is constitutional and wholly within the legislative power is easily separable and distinct from the one which a majority of this court has declared not within the power of the legislature to enact.

5. It is also suggested that the act is contrary to the provisions of Article VII, Section 1, of the Constitution, which provides that the judges of the Supreme Court and other courts shall be elected for a term of six years, whereas the act in question provides that the additional judge shall hold his office for the term of six years and until his successor is elected and qualified. If the provision cited stood alone the contention would be plausible, but read in connection with Article XV of Section 1, it will be found to be strictly within the Constitution. The latter section reads as follows:

"All officers, except members of the legislative assembly, shall hold their offices until their successors are elected and qualified."

6. It is also suggested that *mandamus* will not lie to compel the Governor to issue the certificate. It may be said that in practice this is purely an academic question, as there is no doubt that the Governor will cheerfully and without question issue the certificate whenever his right to do so is clearly defined by the courts; but there is also no doubt that, in cases of this character, where the duties imposed upon the executive are merely ministerial, *mandamus* will lie to compel their performance: *State ex rel* v. *Lord,* 28 Or. 498 (43 Pac. 471, 31 L. R. A. 473); *Greenwood Cemetery Land Co.* v. *Routt,* 17 Colo. 156 (28 Pac. 1125, 31 Am. St. Rep. 284, 15 L. R. A. 369); *Board* v. *McComb,*

92 U. S. 531 (23 L. Ed. 623); *State* v. *Chase,* 5 Ohio St. 535.

The act, so far as it attempts to create an additional judgeship in Multnomah County, is valid, and the plaintiff, having been duly chosen to fill that office, is entitled to a certificate of election. Let an order be entered accordingly.

JUDGMENT FOR PETITIONER.   REHEARING DENIED.