JASNOWSKI v. JUDGE OF RECORDER'S COURT OF THE
CITY OF DETROIT.

1. Constitutional Law — Statutes — Deceptive Advertising —
   Title of Act—Surplusage.
   Act No. 276, Pub. Acts 1913 (3 Comp. Laws 1915, § 15049);
   entitled "An act to regulate and prohibit false, deceptive,
   fraudulent and misleading advertising in newspapers, peri-
   odicals or other publications or by circulars or hand bills,"
   is not unconstitutional as embracing contradictory provi-
   sions, viz., prohibition and regulation, where the act itself
   provides for prohibition only; the word "regulate" in the
   title may be eliminated as surplusage.

2. Same—Statutes—Advertising—Books.
   Neither is the act unconstitutional in that it is broader
   than its title by extending the inhibition to books, whereas
   the title mentions only "newspapers, periodicals or other
   publications," as under the rule of *ejusdem generis* the
   word "books" would be included within the words "other
   publications."

3. Same—Statutes—Police Power—Question of Fact.
   It is not beyond the police power of the legislature to
   prohibit "deceptive and misleading" advertising for the
   alleged reason that the guilt or innocence of the accused
   would depend upon the whim of successive juries; in any
   given case it would be a question of fact for the jury.

4. Indictment and Information—Fraud—Deceptive Advertising
   —Criminal Law.
   An offense under Act No. 276, Pub. Acts 1913, prohibiting
   deceptive and misleading advertising in newspapers, etc.,
   was properly charged, where the newspaper advertisement
   was set out in the information, and respondent was charged
   with making therein "certain assertions, representations
   and statements of fact which were untrue, deceptive, and
   misleading," and the statements, etc., relied upon were
   set out in detail.

Mandamus by Charles H. Jasnowski, prosecuting
attorney of Wayne county, against William F. Con-

nolly, recorder of the city of Detroit, requiring respondent to set aside an order quashing an information. Submitted October 19, 1915. (Calendar No. 26,832.)   Writ granted June 2, 1916.

*Charles H. Jasnowski,* Prosecuting Attorney, and *Joseph T. Schiappacasse,* Assistant Prosecuting Attorney (*Eugene P. Berry,* of counsel), for relator.

*Ormond F. Hunt,* for respondent.

BIRD, J.   Frank G. Lafer, a retail dealer in groceries in the city of. Detroit, was informed against for having violated Act No. 276, Pub. Acts 1913 (3 Comp. Laws 1915, § 15049).   A motion to quash the information was interposed, on the ground that the act was unconstitutional.   The motion was granted, and the prosecuting attorney has moved this court for a writ of mandamus to compel the trial court to set aside its order.   The attack upon the statute is aimed at the title.   It is said the title is invalid because it violates the constitutional provision that "no law shall embrace more than one object, which shall be expressed in its title."   Art. 5, § 21.   The title reads as follows:

"An act to regulate and prohibit false, deceptive, fraudulent and misleading advertising in newspapers, periodicals or other publications, or by circulars or hand bills."

The precise contention is that the title embraces two objects instead of one, and that they are "repugnant, inconsistent and self-contradicting"; that regulation and prohibition are repugnant to each other.

1. It appears to be agreed by both counsel that the act is a prohibitory and not a regulatory one.   If we concede for the purpose of the argument that respondent's position is sound that the terms prohibition and

regulation are repugnant terms, we have then this situation to deal with: A title which gives notice of two distinct objects, but delivers only one of them in the act. Had the act followed the title, and provided both regulation and prohibition, a different question would have been presented; but we should hesitate to declare the act invalid because the title gives notice of too much, if due notice was given of what the act actually contained. The principal reason back of this provision of the Constitution is to prevent surprise on the part of legislators and laymen by finding more in the act than the title gives notice of, and not to avoid disappointment at not finding in the act all that the title gives notice of. Where the title of the act is broader than the act itself, it has not usually been regarded as a fatal defect unless the title failed to give notice of what the act contained. 26 Am. & Eng. Enc. Law (2d Ed.), p. 575; 36 Cyc. p. 1032; *Boyer* v. *Insurance Co.,* 124 Mich. 455 (83 N. W. 124, 83 Am. St. Rep. 338) ; *State* v. *Becker,* 3 S. D. 29 (51 N. W. 1018) ; *State, ex rel. Miller,* v. *Board of Com'rs,* 17 Neb. 85 (22 N. W. 228) ; Cooley, Constitutional Limitations (7th Ed.), p. 210; *Strauss* v. *Heiss,* 48 Md. 292; *Ash* v. *Thorp,* 65 Kan. 60 (68 Pac. 1067) ; *People* v. *Wheeler,* 185 Mich. 164 (151 N. W. 710) ; *Judson* v. *City of Bessemer,* 87 Ala. 240 (6 South. 267, 4 L. R. A. 742). The title in question gives notice of prohibition and regulation. The act provides for prohibition. We are therefore of the opinion that the word "regulation" may be eliminated and regarded as surplusage. 36 Cyc. p. 1033. This will leave the title free from the objection raised.

2. The further question is raised that the act is broader than the title, because the inhibition in the act against such advertising is extended to books, whereas the title mentions only "newspapers, periodicals or oth-

er publications." It is insisted that, if the rule of *ejusdem generis* is applied, the word "books" would be excluded. That rule provides that:

"Where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated." (36 Cyc. p. 1119.)

Under this rule we are of the opinion that the word "books" would be included within the words "other publications," because they are of the same general class as newspapers and periodicals.

3. A third point raised is that, while it was within the power of the legislature to prohibit advertisements which are untrue, it is beyond the police power of the legislature to prohibit advertisements which are "deceptive and misleading." The principal reason assigned is that what might tend to deceive one person might not deceive another, and it would thereby result in leaving the question of the guilt or innocence of the accused to the whim of successive juries. In any given case it would be a question of fact whether the representation of fact in the advertisement was untrue, deceptive, or misleading. This determination would be attended by no more difficulty than is frequently encountered by juries in determining what the intention of the respondent was by what he said and did. This argument could as well be made against many penal offenses on our statute books, where a question of fact is involved. We have no doubt about the power of the legislature in the exercise of the police power of the State to enact such legislation.

4. Several questions are raised against the sufficiency of the information. The newspaper advertisement was set out in the information, and respondent was charged with making therein "certain assertions, representations and statements of fact, which were untrue, de-

ceptive, and misleading," and setting out in detail the statements, etc., relied upon. We think the information charged an offense under the act.

The writ will issue as prayed.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.