Argued February 3, re-argued February 24, writ denied February 28, 1928.

# BARGE E. LEONARD *v.* WILLIAM A. EKWALL, JUDGE.

(264 Pac. 463.)

**Courts—No Duty Rests on Presiding Judge of Multnomah County Circuit Court in First Instance to Assign Probate Matters to Other Departments Than Probate Department (Or. L., § 3136).**

1. As Section 3136, Or. L., automatically assigns all probate matters to probate department of Circuit Court for Multnomah County, no duty rests on presiding judge of such court in first instance to assign such matters to other departments thereof for trial; there being only one probate department in such county.

**Judges—Affidavit of Prejudice Act Held Inapplicable to Probate Judge of Multnomah County Circuit Court (Or. L., §§ 45—1 to 45—4, 939, 3136; Jurisdictional Act 1919, § 6; Jurisdictional Act 1927, § 4).**

2. Probate proceeding being assigned to probate department of Multnomah County Circuit Court by Section 3136, Or. L., motion for change of judge cannot be made either before or after such assignment, under Section 45—3, authorizing such motion at any time before or after assignment of case by presiding judge, so that Affidavit of Prejudice Act of 1919 (Or. L., §§ 45—1 to 45—4) does not apply to judge in disposing of probate or guardianship proceedings, remedy, if probate judge is disqualified, being provided by Section 939, Or. L., Jurisdictional Act of 1919, Section 6 (Or. L., § 3137 [Laws 1919, p. 70]), and Jurisdictional Act of 1927, Section 4 (Laws 1927, p. 256).

**Courts—All Probate Matters in Multnomah County Circuit Court Should be Determined, so Far as Practicable, in Probate Department (Or. L., § 3136).**

3. All proceedings relating to administration of estates of decedents, minors and other legally incompetent persons, and pro-

bate matters generally, so far as practicable, in Multnomah County Circuit Court, should be had, carried on, supervised and determined, from their inception to their completion, in probate department, to which Section 3136, Or. L., assigns them.

**Statutes—In Construing Statute, Lawmakers' Intent as to Purpose or Object must be Ascertained from Language Thereof.**

4. The cardinal rule for construction of a statute is to ascertain from the language thereof the intent of the lawmakers as to what purpose was to be served or object to be attained.

**Judges—Motion for Change of Judge and Affidavit of Prejudice Under Statute Held Inapplicable to Probate Procedure in Counties Affected by Act Transferring County Court's Jurisdiction to Circuit Court—"Practice" (Jurisdictional Act 1919, § 7; Laws 1913, p. 769; Const., Art. IV, § 23, subd. 3; Or. L., §§ 45—1 to 45—4).**

5. Jurisdictional Act of 1919, Section 7 (Or. L., § 3138 [Laws 1919, p. 70]), providing that procedure and practice in proceedings, jurisdiction of which was transferred by act from County Court to Circuit Court in counties affected, shall be governed by existing laws applicable thereto with certain exception, being intended to obviate objectionable features of Laws of 1913, page 769, Chapter 378, which was declared void as repugnant to Constitution, Article IV, Section 23, subdivision 3, motion for change of judge and affidavit of prejudice under Sections 45—1 to 45—4, Or. L., will not be construed as applicable to probate procedure in such counties, as result would be to change and regulate practice in portion only of state; "practice" being course of procedure in courts, which in general sense includes pleadings.

**Statutes—Statute Should be Reasonably Construed, Consistent With Validity, if Language Warrants.**

6. Statute should be given a reasonable construction consistent with its validity, if the language thereof warrants such interpretation.

**Constitutional Law—Statute 'will be Held Inapplicable in Certain Cases Where It Would be Unconstitutional if Held Applicable—Presumption Being That Legislature Did not Intend to Violate Constitution.**

7. When constitutional provision prevents statute from applying in certain cases, even where apparently intended to apply, courts will not declare it unconstitutional, but will hold that law was not intended to apply to such cases, on ground that courts are bound to presume that legislature did not intend to violate Constitution.

---

Constitutional Law, 12 C. J., p. 787, n. 96, p. 790, n. 4.
Judges, 33 C. J., p. 1021, n. 31.
Statutes, 36 Cyc., p. 1106, n. 29.

4. See 25 R. C. L. 960.
6. See 25 R. C. L. 1000.
7. See 25 R. C. L. 999.

ORIGINAL  PROCEEDING  IN  MANDAMUS.

This is an original proceeding in mandamus to require Judge WILLIAM A. EKWALL, as presiding judge of the Circuit Court of the State of Oregon for the county of Multnomah, to transfer for trial the proceedings now pending in the Circuit Court for that county, department of probate (No. 7), "In the Matter of the Guardianship of Nahum Amos King, Alleged Incompetent" to a department of the Circuit Court of the State of Oregon for the county of Multnomah other than department No. 7, the "probate department" of said Circuit Court.

Ivan Henry King filed a petition in the probate department (No. 7) of said Circuit Court asking that Nahum Amos King be declared incompetent and that some disinterested person be appointed as guardian of his estate. A citation was duly issued requiring Nahum Amos King to appear and show cause why the petition should not be granted. Before the return day the attorney for Nahum Amos King appeared and filed a motion supported by an affidavit, under the Affidavit of Prejudice Act of 1919, Sections 45—1, 45—2, 45—4, Or. L., requesting the presiding judge of Multnomah County Circuit Court to transfer the hearing and further proceedings in the said guardianship matter to a department other than department No. 7, the probate department of said court.

The attorney for the petitioner filed a special appearance before the presiding judge and challenged the jurisdiction to entertain the motion for the reason that under the act of 1919, Chapter 59, Laws of 1919, mentioned as the Jurisdictional Act of 1919, Or. L., Sections 3132 to 3140, the legislative assembly in transferring jurisdiction of probate matters to the

124 Or.—23

Circuit Court expressly provided that all probate matters and procedure be automatically assigned to a certain department of the Multnomah County Court designated in the act as the "department of probate"; that the act provides the judge of that department "to be known as the judge of the department of probate"; and for the reason that the 1919 Jurisdictional Act expressly provided that "the procedure and practice (in the probate department) shall be governed by the existing laws applicable to such proceedings without any change." The presiding judge declined to transfer the guardianship matter to the other department. WRIT DENIED.

For petitioner there was a brief and oral argument by *Mr. L. A. Liljeqvist.*

For defendant there was a brief and oral argument by *Mr. C. T. Haas.*

BEAN, J.—The question for consideration is whether the affidavit of prejudice law applies to the judge of the department of probate. The 1919 Jurisdictional Act provided that in counties of 100,000 population or more an additional circuit judge should be elected to sit in a department to be designated by the rule of the Circuit Court by an appropriate number and that this department should be known as "department of probate" but that the judge of such a department shall in addition to the duties in the act prescribed also perform the general duties of a Circuit Court judge. Section 3 reads thus:

"That in all judicial districts within the state of Oregon comprising one county only, of over 100,000 population, the county court of such counties, and the office of county judge therein, are hereby abolished, and the present incumbents of such office are hereby

created circuit judges of such judicial districts, and are hereby appointed to sit as circuit judges in the department provided for in the preceding section of this act, *to be known as judges of the department of probate,* * * "

Section 5 of the act provides that there shall be automatically assigned to the department of probate all probate proceedings.

Section 6 of the act provides:

"Whenever the department of probate shall become congested with business, or whenever the judge of said court is absent or unable to sit, or is disqualified to hear any cause, the business of such department may be assigned to any other department of said circuit court, in the manner provided by the rules of said court."

Section 7 provides that:

"In any proceeding or cause over which by existing laws, the county court has jurisdiction, all of which are by the provisions of this act transferred to and heard by the circuit courts of the counties affected by this act, the procedure and practice shall be governed by the existing laws applicable to such proceeding without any change, except that appeals may be taken direct to the supreme court from the judgments of the circuit court in all such matters, * * "

and one other exception not material here.

Section 8 of the act provides that the records and files of the probate department shall be kept separate and distinct from the other records of the court as far as practical.

The Affidavit of Prejudice Act of 1919 (Section 45—3, Or. L.), passed at the same session as the Jurisdiction Act, provides that where a motion supported by an affidavit of prejudice is filed in any county of the state where there is a presiding judge who hears

motions and demurrers and assigns cases to the other departments of the Circuit Court for trial, the affidavit and motion for change of judges to hear the motions and demurrers, or to try the case, may be made at any time either before or after "the assignment of the case for trial and either before a hearing upon a motion or demurrer or the commencement of trial of said cause."

And Section 45—1, Or. L., after providing that no circuit judge shall try any suit, action or proceeding when it shall be established that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause, reads thus:

"In such case the presiding judge shall forthwith transfer the suit or action to another department of the same court, or call in a judge from some other court, or apply to the chief justice of (the) supreme court to send a judge to try the case; or, if the convenience of witnesses or the ends of justice will not be interfered with by such courts, and the action or suit is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court."

The original Affidavit of Prejudice Act does not in terms apply to probate matters. It also refers particularly to "the suit or action" indicating at first blush that it was intended that a suit or action, or some similar proceeding, to be tried was to be regulated by the act.

Section 45—2, Or. L., as amended by Chapter 143 of General Laws of 1925, page 218, provides that any party or attorney appearing in any "action, suit or proceeding in a circuit court" may establish such prejudice.

The Jurisdictional Act of 1919, Section 4 (Section 3135, Or. L.), plainly provides that all matters, causes and proceedings pending in such County Courts, which are abolished by the act, shall be and they are by the act automatically transferred and continued, thereafter to be heard and determined in said Circuit Court, which unquestionably refers to the department of probate.

Chapter 282, General Laws of 1927, provides that in all judicial districts within the state comprising one county only, of less than 100,000 population and more than 35,000 population, all judicial jurisdiction, power and authority of the county judges and County Courts, as distinguished from such power and jurisdiction as is exercised in the transaction of county business, shall thereafter be vested and exercised by the Circuit Court of the judicial district comprising such county, and all matters, causes and proceedings pending in such County Courts shall be and are by the act transferred and continued, to be thereafter heard and determined in said Circuit Court.

Section 2 of the act provides that in such matters so transferred to be heard by the Circuit Court "the procedure and practice shall be governed by the existing laws applicable to such proceedings without any change, except that appeals may be taken direct to the supreme court, * * "

The jurisdiction of the probate courts is now exercised by the Circuit Court for Clackamas County.

Chapter 282, General Laws of 1927, contains several provisions similar to those in the Jurisdictional Act of 1919 which affects Multnomah County.

1. As the statute (Section 3136, Or. L.) automatically assigns all probate matters to the department of probate of the Circuit Court for Multnomah County, no duty rests upon the presiding judge in the

first instance to assign probate matters to "the other departments of the circuit court for Multnomah County for trial." There is only one "Department of Probate" in the Multnomah district.

2. Section 45—3, Or. L., directing the time in which the affidavit and motion for a change of judges in a county where there is a presiding judge who assigns cases to the other departments of the Circuit Court, which applies to Multnomah County, provides that such motion may be made at any time either before or after the assignment of the case for trial. Under the statute such motion cannot be made before the assignment of a probate matter, for the reason there is no assignment of a probate proceeding to another department by the presiding judge, as that act is accomplished by virtue of the statute. Such motion cannot be made after such assignment for the same reason. Such section plainly indicates that in a judicial district comprising only one county having over 100,000 population, where there is a presiding judge who assigns cases, the Affidavit of Prejudice Act of 1919 was not intended by the legislature to and does not apply to a judge in the disposition or probate or guardianship proceedings.

3. Take for example the guardianship matters mentioned, and it is similar to all probate proceedings, if a guardian of the estate of Nahum Amos King should be appointed, the matter might necessarily be pending in the probate court for several years, and if transferred to another department, should there be retained until final disposal. All proceedings relating to the administration of estates of decedents, minors and other legally incompetent persons, and probate matters generally under the law, so far as practicable, from their inception to their completion, should be had, carried on, supervised and determined in the

department of probate provided for in the act, to which department the statute automatically assigns all such proceedings.

The practice and procedure suggested by the motion and affidavit in the present instance, if adopted, would inevitably lead to a scattering of the probate proceedings and records through the eight different departments of the Circuit Court for Multnomah County, and cause great confusion to the detriment of the public and hindrance of the orderly transaction of probate business, which, it is believed, the lawmakers never intended, and it would be possible to have such proceedings transferred to another county.

It would divide up the responsibility for that oversight and care that should be maintained over those proceedings by the probate court. No circuit judge of any of those departments, except the probate department, could be expected to exercise that vigilance and supervision of the probate proceedings usually necessary to effectuate the making of reports regularly and the prompt and efficient administration of estates of decedents and other like matters. Such proceedings are entirely different from the adjudication of actions at law and suits in equity and other similar causes in the trial of which the regular circuit judge is constantly required to give his time and attention. No member of the bar, so far as known, since this law has been in force, for more than eight years, has ever attempted to apply the Affidavit of Prejudice Act to a judge exercising probate jurisdiction.

4. The cardinal rule for the construction of a statute is to ascertain from the language thereof the intent of the lawmakers as to what purpose was to be served, or what object was designed to be attained.

If the legislature had intended that the Affidavit of

Prejudice Act should be applied in probate procedure it would have undoubtedly used some plain language referring to such a practice to indicate such intent.

5, 6. By Chapter 378, General Laws of Oregon 1913, page 769, the legislature enacted a law abolishing the office of county judge for the county of Multnomah and providing that the present incumbent of that office be created a circuit judge of the fourth judicial district and exercise all the powers and jurisdiction of a circuit judge until his successor is elected and qualified. Section 4 of that act provided:

"Upon the taking effect of this act all judicial jurisdiction, power and authority of the county judge and of the county court of said Multnomah county, as distinguished from such power and jurisdiction as is exercised in the transaction of county business, shall then, and thereafter, be vested in and exercised by the circuit court of said Fourth Judicial District, and all said matters, causes and proceedings pending in said county court shall be considered as transferred, continued, heard and disposed of in the said circuit court."

The act further provided, in effect, that as far as practicable all probate matters should be referred to and considered in department No. 6 of the Circuit Court. The act did not in terms refer to every judicial district comprising only one county of over 100,000 population, or to such districts of less than 100,000 population and more than 35,000. Neither did the act contain the provision embraced in the 1919 law to the effect that in the exercise of the jurisdiction formerly vested in County Courts "the procedure and practice shall be governed by the existing laws applicable to such proceedings without any change, except that appeals may be taken direct to the Supreme Court."

In the case of *In re McCormick's Estate,* 72 Or. 608
(143 Pac. 915, 144 Pac. 425), the validity of the act
of the legislature of 1913 which attempted to transfer
all probate business and jurisdiction of the County
Court in Multnomah County to the Circuit Court was
challenged.   Mr. Justice EAKIN, as shown at page 611
of the Report, said:

"This is in violation of Article IV, sec. 23, subdi-
vision 3 of the Constitution in that it is local and
special in attempting to regulate the practice of the
courts of justice in Multnomah county, without any
change in the practice in the county court as it relates
to probate work * * "

See, also, *State* v. *Holman,* 73 Or. 18 (144 Pac.
429); *Gantenbein* v. *West,* 74 Or. 334 (144 Pac. 1171).

Section 7 of the Jurisdictional Act of 1919 con-
tains a plain mandate that in any proceeding over
which, by existing laws, the County Court theretofore
has jurisdiction and all of which were by the act
transferred to the Circuit Court in the counties af-
fected by the act, "the procedure and practice shall
be governed by the existing laws applicable to such
proceeding without any change," with the exception
mentioned.   This provision was made in order to
obviate the repugnancy to Article IV, Section 23, sub-
division 3 of the Constitution contained in the act
of 1913, which had been declared unconstitutional.
That part of the organic act requires that the practice
in probate courts shall be uniform throughout the
state.

6 Words & Phrases, page 5486, under "Practice,"
provides thus:

" 'Practice' is defined by Burrill as 'the course of
procedure in the courts, which, in a general sense,
includes pleadings.' Rapalje and Lawrence define

practice as 'the law which regulates the formal steps
in an action or other proceeding; which therefore
deals with writs, summons, pleadings, affidavits,
notices, motions, petitions, orders, trials, judgments,
appeals, costs, and executions.' '' *People* v. *Central
Pac. R. Co.,* 83 Cal. 393 (23 Pac. 303, 307).

To apply the motion and affidavit of prejudice to
probate procedure in the counties would change and
regulate the practice in a court of justice in a portion
only of the state. See *In re McCormack, supra,* opin-
ion on rehearing, by Mr. Justice Burnett, where the
question of the application of Article IV, Section 23,
subdivision 3, is thoroughly discussed in minute de-
tail. To construe the jurisdictional acts mentioned
so as to apply the practice prevailing in the Circuit
Courts in the exercise of jurisdiction in probate pro-
ceedings would render the two acts out of harmony
with the constitutional provisions above referred to
and be in direct conflict with the opinions mentioned.
The language of the acts does not evince an intent on
the part of the legislature to obtain such a result.
That intent was to obviate the objectionable features
of the 1913 act and validate it. The statute should
be given a reasonable construction consistent with its
validity if the language thereof warrants such inter-
pretation.

7. When a constitutional provision prevents a stat-
ute from applying in certain cases, even where it was
apparently intended to apply, the courts will not de-
clare the statute unconstitutional, but will hold that
the law was not intended to apply to such cases, on
the ground that the courts are bound to presume that
the legislature did not intend to violate the Consti-
tution: *Northrup* v. *Hoyt,* 31 Or. 524, 529 (49 Pac.
754).

Section 939, Or. L., provides when a probate judge is disqualified. If a probate judge is a party or directly interested in any proceeding commenced in the court over which he presides, as provided in this section, ample provision is made in said section and by Section 6 of the Jurisdictional Act of 1919 and by Section 4 of the Jurisdictional Act of 1927 for the transaction of the business embraced in such proceeding by another judge. The interested parties in such probate proceedings have the right of appeal.

Let us now notice the effect the proposed practice would have if applied in probate proceedings in the Clackamas district. Judge CAMPBELL, an able, learned and conscientious jurist and circuit judge, in performing the duties of a probate judge would be subject to disqualification by motion and affidavit of prejudice. If for any reason he was incapacitated, or absent from the county, the county judge would be authorized to perform the functions of the circuit judge relating to probate business, but would be immune from the operation of the affidavit of prejudice. The affidavit of prejudice statute would function one day and be dormant the next, swinging back and forth like the pendulum of a clock. As applied to this district, it would be much like a two-tined fork with one tine missing. Really "consistency thou art a jewel."

The circuit judge of department No. 7 of the Circuit Court for Multnomah County, when exercising the jurisdiction and performing the general duties of a judge of the Circuit Court is subject to the provisions of the affidavit of the prejudice law. When such judge is sitting as a probate judge and exercising the jurisdiction and authority, in probate and other proceedings, formerly exercised by the county

judge, except county business, the affidavit of prejudice law does not apply.

It follows that the peremptory writ of *mandamus* must be denied and this proceeding dismissed.

WRIT DENIED.

COSHOW, J., dissents.