KULL v. MICHIGAN STATE APPLE COMMISSION.

1. Statutes—Title of Act—Tax on Apples—Exemptions.

Title of apple act stating that it was "to promote the consumption and sale of apples by providing a research and a publicity and sales promotion program * * * levying an assessment on apple production" is sufficiently broad to cover taxation of all apples grown in this State including those which find their way "when shipped" into the public market and act would not be invalid as contravening constitutional provision that "no law shall embrace more than one object which shall be expressed in its title" because legislature saw fit to exempt from the tax (1) apples sold by growers direct to cider or vinegar plants, (2) a maximum of 300 bushels shipped by a grower in any calendar year, and (3), by necessary implication, apples grown in this State which are not shipped by the grower or his agent (Const. 1908, art. 5, § 21; Act No. 87, Pub. Acts 1939).

2. Taxation—Apple Tax—Commerce.

Burden of tax on apples grown in this State, placed by legislature only upon growers who place their apples in the marts of commerce, is properly placed in view of the fact that moneys levied and collected were to be expended exclusively to advertise apples (Act No. 87, Pub. Acts 1939).

3. CONSTITUTIONAL LAW—LEGISLATURE—COURTS.

Courts may not substitute their judgment for that of the legislature if the latter has acted within its constitutional powers.

4. SAME—STATUTES.

A statute is the deliberate action of a coordinate branch of government and is to be set aside only when it is apparent it was the result of action which the State legislature was prohibited by the Constitution from taking.

5. STATUTES—TAX ACT—EXEMPTIONS—TITLE OF ACT.

It is not essential to the validity of an act imposing a tax that its title should state or refer to exemptions provided in the body of the act, as the exemption, while germane to the act, is but incidental thereto.

6. SAME—TITLE OF ACT.

The title of a legislative act is not fatally defective merely because it is somewhat broader than the body of the act as the title is but a descriptive caption directing attention to the subject matter which follows and is sufficient if it fairly expresses the subject of the legislation and conveys comprehension of its germane provisions, it being necessary that only the general object and not all of the details and incidents of the statute be indicated in the title.

7. CONSTITUTIONAL LAW—INTERSTATE COMMERCE—APPLE TAX.

State statute imposing tax upon apples to be paid by grower before apple is placed in the channels of trade is not an imposition of a burden on interstate commerce within the power of Congress to regulate as it neither impedes nor embarrasses such commerce in the commodity involved (U. S. Const. art. 1, § 8; Act No. 87, Pub. Acts 1939).

8. SAME—TAXATION BEFORE SHIPMENT IN INTERSTATE COMMERCE.

State taxation of property or the exercise of a power over it immediately preceding its previously-contemplated shipment interstate is not an invalid exercise of the power lodged in a State (U. S. Const. art. 1, § 8).

9. TAXATION—APPLE TAX—DOUBLE TAXATION.

The taxation of apples at the rate of one cent a bushel or two cents a hundred pounds, to be paid before apples are placed by grower in the channels of trade, for the sole purpose of raising revenue for advertising apples is a specific tax and

not an ad valorem tax on the shipper, is for a purpose wholly different from the ordinary purpose of ad valorem taxes, and does not result in double taxation (Act No. 87, Pub. Acts 1939).

10. COSTS—PUBLIC QUESTION—CONSTRUCTION OF TAX STATUTE. No costs are awarded in suit to enjoin enforcement of statute providing for tax on apples because of claimed invalidity as the issue involved is of public moment (Act No. 87, Pub. Acts 1939).

WIEST and BUTZEL, JJ., dissenting.

Appeal from Berrien; Evans (Fremont), J. Submitted October 11, 1940. (Docket No. 51, Calendar No. 41,086.) Decided February 7, 1941.

Bill by Paul Kull and others against Michigan State Apple Commission and others to enjoin enforcement of the Baldwin apple act (Act No. 87, Pub. Acts 1939). From decree for plaintiffs, defendants appeal. Reversed.

*Clarence E. Butler,* for plaintiffs.

*Thomas A. Read,* Attorney General, and *James A. Greene,* Chief Assistant Attorney General (*Miller, Canfield, Paddock & Stone,* of counsel), for defendants.

NORTH, J. Plaintiffs seek an injunction restraining defendants from enforcing Act No. 87, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 5169-1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 12.1220 [1] *et seq.*), on the ground that the act is unconstitutional. Appellants' brief presents but one question, to wit: Is the body of Act No. 87, Pub. Acts 1939, fairly within the title of the act? The trial judge held that the act was invalid in the respect noted, *i. e.,* it was violative of the Michigan Constitution, art. 5, § 21; but as against all other grounds of unconstitutionality urged by plaintiffs the trial court held the act was

valid. Defendants have appealed from the decree entered in the circuit court.

The pertinent constitutional provision reads:

"No law shall embrace more than one object, which shall be expressed in its title." Const. 1908, art. 5, § 21.

The title of Act No. 87, Pub. Acts 1939, is as follows:

"An act relating to apples; declaring the public policy of this State to promote the consumption and sale of apples by providing a research and a publicity and sales promotion program to increase the consumption of Michigan-grown apples; levying an assessment on apple production and providing for its collection; creating an apple commission and vesting in it the administration of this act; providing for the powers, duties and authority of said commission; and providing penalties for the violation of this act."

Section 9 of the act reads:

"(a) There is hereby levied and imposed upon all apples grown in the year 1939, and annually thereafter, an assessment of 1 cent per bushel or 2 cents per 100 pounds of all apples grown and produced in Michigan, payable by the grower or grower's agent when shipped, whether in bulk or loose in boxes or any other container, or packed in any style package: *Provided,* That the provisions of this act shall not apply to apples sold by growers or growers' agents direct to cider and/or vinegar plants for use in making cider and/or vinegar: *Provided,* That each grower or grower's agent shall be exempt from said assessment on a maximum of 300 bushels of apples for each calendar year.

"(b) All moneys levied and collected under this act shall be expended exclusively to advertise apples."

We quote briefly from the opinion filed by the circuit judge:

"I, therefore, conclude and hold that the tax levied is a specific tax authorized by article 10, § 4, of the Constitution. It is a tax upon the privilege of selling, putting in storage and making shipment of apples; in short, upon the privilege of putting Michigan-grown apples into the channels of trade—apples already 'produced.' * * *

"After long and careful consideration and study, I find myself unable to escape the conclusion that the only assessment or tax contemplated by the title is on 'apple production.' That is exactly what the title says, nothing more."

From the foregoing it is clear that the act was held unconstitutional for the sole reason the trial judge was of the opinion that the title pertained only to "apple production," while in the body of the act the tax is assessed only on a portion of Michigan-grown apples "when shipped." We are not in accord with the conclusion of the circuit judge that since the provision in the body of the act for a tax does not apply to *all* apples produced in this State, but instead only to a portion of those that are shipped, there is a fatal variance between the title and the body of the act. Surely the title of the act which is broad enough to cover all Michigan-grown apples, includes Michigan-grown apples which find their way "when shipped" into the public market. In short, the title of the act is fully broad enough to include the noted provision found in the body of the act. In the exercise of its vested power the legislature saw fit to exempt from the tax assessed on Michigan "apple production" the following: (1) apples sold by growers direct to cider or vinegar plants, (2) a maximum of 300 bushels of apples shipped by any grower in any calendar year, (3)

and (by necessary implication) all other Michigan-grown apples which are not shipped by the grower or his agent.

Obviously in the judgment of the legislature it was just and fair to place the tax burden incident to the promotion of the sale and consumption of Michigan apples on those growers who would be most benefited by the expenditure of the moneys derived from the tax assessed; and in this connection, as noted above, the act provides: "All moneys levied and collected under this act shall be expended exclusively to advertise apples." We cannot say, nor is it demonstrated in appellees' brief, that the apparent legislative reason for imposing the assessment on only a portion of Michigan-grown apples is without justification or that it is not as reasonably fair and just as some other plan that might be devised. Courts may not substitute their judgment for that of the legislature if the latter has acted within its constitutional powers.

"A statute is to be treated with that deference due to the deliberate action of a coordinate branch of government and is to be set aside only when it is apparent it was the result of action which the legislature was prohibited by the Constitution from taking." *C. F. Smith Co.* v. *Fitzgerald*, 270 Mich. 659, 667, appeal dismissed, 296 U. S. 659 (56 Sup. Ct. 115, 80 L. Ed. 470).

It is not essential to the validity of an act imposing a tax that its title should state or refer to exemptions provided in the body of the act. Were this not the rule practically all, at least many, of our taxation statutes would be fatally defective. No reference to exemptions will be found in the title of our general tax statute. 1 Comp. Laws 1929, § 3389 *et seq.* (Stat. Ann. § 7.1 *et seq.*) The same is true of

the sales tax statute. Act No. 167, Pub. Acts 1933, as amended (Comp. Laws Supp. 1940, § 3663-1 *et seq.*, Stat. Ann. § 7.521 *et seq.*). It is also true of other taxation acts, for example, the use tax act. Act No. 94, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3663-41 *et seq.*, Stat. Ann. § 7.555 *et seq.*). Yet in each of these taxation measures exemptions are provided. The rule which justified legislation so framed is that the exemption, while germane to the act, is but incidental thereto; and like other details need not be noted in a title which covers and fairly reveals the general subject matter of the particular legislative act; but the title of a legislative act is not fatally defective merely because it is somewhat broader than the body of the act. *Jasnowski* v. *Judge of Recorder's Court,* 192 Mich. 139.

" 'A title is but a descriptive caption, directing attention to the subject matter which follows.' " *Young* v. *City of Ann Arbor,* 267 Mich. 241, 244.

"The title need not serve as an index; it is sufficient if it fairly expresses the subject of the legislation and conveys comprehension of its germane provisions." *Krench* v. *State of Michigan,* 277 Mich. 168, 175.

"Only the general object and not all the details and incidents of a statute need be indicated in the title." *People* v. *Sowall,* 279 Mich. 261, 266.

Contrary to the decree entered in the circuit court, we find that the title to Act No. 87, Pub. Acts 1939, is not constitutionally defective; and it follows that the decree entered holding the title defective was erroneous.

But appellees urge that on other grounds assigned in the circuit court the conclusion reached by the circuit judge was correct; and, if so, the decree should be affirmed. While not stressed in the body of their brief, in appellees' counterstatement of questions involved the issue is raised that this act

contravenes that portion of article 1, § 8, of the Federal Constitution which vests in Congress the power to regulate interstate commerce. A sufficient answer is that the act now under consideration does not impose a burden on interstate commerce because it neither impedes nor embarrasses interstate commerce in the commodities involved. *Federal Compress Co.* v. *McLean,* 291 U. S. 17, 22 (54 Sup. Ct. 267, 78 L. Ed. 622). See, also, *State, ex rel. Graham,* v. *Enking,* 59 Idaho, 321 (82 Pac. [2d] 649) ; and *C. V. Floyd Fruit Co.* v. *Florida Citrus Commission,* 128 Fla. 565 (175 South. 248, 112 A. L. R. 562).

"Taxation of property or the exercise of a power over it immediately preceding its previously-contemplated shipment interstate has been similarly sustained." *McGoldrick* v. *Berwind-White Co.,* 309 U. S. 33, 55 (60 Sup. Ct. 388, 84 L. Ed. 565, 128 A. L. R. 876).

Nor is appellees' contention tenable that this act results in double taxation. Instead, Act No. 87, Pub. Acts 1939, assesses a specific tax. It is not an ad valorem tax on the property of the shipper; and, further, this specific tax is imposed for a specified purpose wholly different from the ordinary purpose of imposing an ad valorem tax. See section 9 (b) above quoted. The assessment of this specific tax does not result in double taxation. *C. F. Smith Co.* v. *Fitzgerald, supra.*

Plaintiffs as appellees have briefed and urged other reasons why this act should be held unconstitutional; but the questions presented, in so far as they merit discussion, are considered in *Miller* v. *Michigan State Apple Commission, ante,* 248, which was submitted in this Court simultaneously with the instant case. Decision of such questions having been made in the *Miller Case* they need not be considered herein. The decree of the circuit court will be re-

versed and one entered in this Court in accordance herewith; but since the issue involved is of public moment, no costs are awarded.

Sharpe, C. J., and Bushnell, Boyles, Chandler, and McAllister, JJ., concurred with North, J.

Wiest, J. (*dissenting*). What we have said in *Miller* v. *Michigan State Apple Commission, ante,* 248, applies as well to the case of *Kull* v. *Michigan State Apple Commission,* and like disposition is made of this case.

Butzel, J., concurred with Wiest, J.