MALISJEWSKI v GEERLINGS

1. OFFICERS—PERFORMANCE OF DUTY—PRESUMPTIONS.

It is presumed that public officials do what they are required to do.

2. COURTS—LEGISLATURES—SEPARATION OF POWERS—CONSTITUTIONAL LAW.

Courts may not substitute their judgment for that of the Legislature if the latter acted within its constitutional powers.

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 December 12, 1974, at Grand Rapids. (Docket No. 18532.) Decided January 8, 1975.

Complaint by William N. Malisjewski, individually and on behalf of the taxpayers of Ottawa and Muskegon Counties, against Edgar A. Geerlings, for a declaratory judgment that defendant improperly used public printing funds for private, partisan and political purposes, and an injunction restraining further actions of a similar nature. Judgment for plaintiff. Defendant appeals. Reversed.

*James W. Bussard,* for plaintiff.

*Thomas Downs* and *Lawrence B. Lindemer,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and O'HARA,* JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Public Officers and Employees § 261.

[2] 20 Am Jur 2d, Courts §§ 65, 66.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

QUINN, J. At the time this litigation commenced, defendant was the state representative from the 97th district. Through reapportionment, the boundaries of the district were changed effective January 1, 1973. Defendant was a candidate for reelection as representative of the new 97th district in the 1972 election. Prior to that election, defendant had printed and mailed at state expense a brochure and a letter. This mailing went to his constituents in the old 97th district and to prospective constituents in the new 97th district.

Conceiving this to be an illegal expenditure of public money, plaintiff filed this action seeking a declaration that defendant used public funds for a private purpose; an injunction to restrain defendant from further actions of similar nature; an accounting by defendant for the alleged illegal expenditures and a refunding thereof. The cause was tried on stipulated facts and briefs. The trial court found that the brochure was "partisan and political, and contravened the regulations of the House of Representatives of the State of Michigan, and was not a legitimate business expenditure but was in fact partisan, political or personal mailing", and entered judgment requiring defendant to repay $398.24 and enjoined defendant from "further distribution of similar, nonlegislative mail". This appeal followed.

The controlling question is whether the action of the trial court violated Const 1963, art 3, § 2, which provides:

"The powers of government are divided into three branches; legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution."

Const 1963, art 4, § 15, provides:

"There shall be a bi-partisan legislative council consisting of legislators appointed in the manner prescribed by law. The legislature shall appropriate funds for the council's operations and provide for its staff which shall maintain bill drafting, research and other services for the members of the legislature. The council shall periodically examine and recommend to the legislature revision of the various laws of the state."

The statutory implementation of this constitutional provision is MCLA 4.311 *et seq.;* MSA 2.138(1) *et seq.* MCLA 4.315; MSA 2.138(5) provides in part:

"The council shall maintain bill drafting, research and other services for the members of the legislature in a bureau to be known as the legislative service bureau which is hereby created. * * * "

The legislative council has adopted guidelines for processing printing requests by the legislative service bureau. The pertinent provision of those guidelines for discussion here is:

"The use of bureau equipment for the production of personal or partisan material of any nature for a legislator is strictly prohibited. Printing of material of questionable political or personal content shall be submitted to the legislative council's printing and parking subcommittee for approval before the service can be performed by the service bureau."

There is nothing in the record to indicate that anyone charged with enforcing the guidelines questioned in any way the quantity or content of the brochures that defendant had printed and mailed. It is presumed that public officials do what they are required to do, *Leach v Racing Commis-*

*sioner,* 340 Mich 202; 65 NW2d 746 (1954). Hence, we assume that judgment was made at the legislative level that the brochure did not offend the guidelines.

The question then becomes may a court substitute its judgment for the judgment of the legislative agency without offending the constitutional separation of powers provision? We think not. "Courts may not substitute their judgment for that of the legislature if the latter has acted within its constitutional powers", *Kull v Michigan State Apple Commission,* 296 Mich 262, 267; 296 NW 250, 252 (1941). The printing and mailing of the brochure was a legislatively approved expenditure of public funds.

We recognize that the legislative privilege here involved has been, is and will be subject to abuse. The remedy lies with the legislature or the electorate, not the courts.

Reversed. No costs are awarded, a public question being involved.

All concurred.